# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

RONALD HERBERT WATTS v. COMMONWEALTH OF VIRGINIA.

June 12, 1972.

Record No. 7925.

Present, Snead, C.J., I'Anson, Harrison, Cochran and Harman, JJ.

*Gilman P. Roberts, Jr.,* for plaintiff in error.

*Robert E. Shepherd, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

On May 18, 1971, Ronald Herbert Watts, 17 years old, was proceeded against in the Juvenile and Domestic Relations Court of the City of Richmond on a petition charging him with robbery. The court, trying him as an adult, convicted him of the lesser included offense of larceny from the person of $5.00 or more, and sentenced him to 12 months in jail. This category of larceny is a felony under Va. Code Ann. § 18.1-100 (Cum. Supp. 1971).

The Commonwealth's attorney made a timely election to present the case to the grand jury, as authorized by Va. Code Ann. § 16.1-176 (Cum. Supp. 1971). Watts was indicted by the grand jury for robbery. A pre-trial motion to quash the indictment and plea of former jeopardy having been overruled, Watts was tried on August 5, 1971, by the Hustings Court of the City of Richmond, sitting without a

jury, and convicted as charged. After hearing a pre-sentence report, the court sentenced him to 12 years in the penitentiary, with four years suspended for a period of 20 years on condition of good behavior and a recommendation that the sentence be served at Southampton Farm. We granted Watts a writ of error to the judgment order.

The determinative issue presented to us is whether jeopardy attached when Watts was convicted of the felony of larceny from the person by the Juvenile and Domestic Relations Court. If so, his subsequent conviction for the greater offense of robbery would have been barred. *See, e.g., Cates v. Commonwealth,* 111 Va. 837, 69 S.E. 520 (1910).

A juvenile and domestic relations court may retain jurisdiction over a juvenile offender and treat him as an adult in a misdemeanor case. Va. Code Ann. § 16.1-177.1 (1960). But such a court does not have jurisdiction to proceed against a juvenile as if he were an adult in a felony case, except for the limited jurisdiction granted by Va. Code Ann. § 16.1-158(8) (Cum. Supp. 1971), which is inapplicable here. Moreover, as Watts was a prior offender, the court was under a duty to certify the case to the court of record for proper criminal proceedings, in the absence of a finding that it would be in the public interest to dispose of the matter in the Juvenile and Domestic Relations Court. *See* Va. Code Ann. § 16.1-176.1 (1960)[1]. No such finding was made. So the action of the Juvenile and Domestic Relations Court in undertaking to convict Watts of a felony was void.

Inasmuch as the judgment entered by the Juvenile and Domestic Relations Court was void, jeopardy did not attach. *Burford v. Commonwealth,* 179 Va. 752, 20 S.E.2d 509 (1942); *Seay v. Commonwealth,* 155 Va. 1087, 156 S.E. 574 (1931); *Murphy v. Commonwealth,* 64 Va. (23 Gratt.) 960 (1873). Accordingly, Watts could properly be tried for robbery and convicted thereof in the Hustings Court.

*Affirmed.*

---

[1] "§ 16.1-176.1. **Trial in court of record where juvenile over sixteen has previously been committed to training school.**—If a juvenile sixteen years of age or over, who has been previously committed to any juvenile training school in this State or any other state, is charged with an offense which, if committed by an adult, could be punishable by death or confinement in the penitentiary, the case shall be certified for proper criminal proceedings, if probable cause be found, to the appropriate court of record having jurisdiction of such offense if committed by an adult, unless the juvenile and domestic relations court shall find and shall certify in its order that it is in the public interest for the matter to be disposed of therein."