## Richmond

STOCKTON W. ROUZIE JR., AND GARY L. BOUDREAU v.
COMMONWEALTH OF VIRGINIA.

August 28, 1974.

Record No. 731043.

Present, All the Justices.

*William L. Perkins; Stanley E. Sacks (Sacks, Sacks & Tavss,*
on brief), for plaintiff in error.

*Wilburn C. Dibling, Jr., Assistant Attorney General (Andrew
P. Miller, Attorney General,* on brief), for defendant in error.

Carrico, J., delivered the opinion of the court.

On February 26, 1973, the defendants, Stockton W. Rouzie, Jr., and Gary L. Boudreau, appeared before the Municipal Court of the City of Chesapeake for a preliminary hearing on felony warrants charging them with assault of Taswell J. Carawan with intent to maim, disable, disfigure, or kill. At the conclusion of the hearing, the court convicted each defendant of the misdemeanor of "[s]imple assault" and imposed upon each a fine of $100.00 and a suspended term of six months in jail. The defendants paid the fines, and their convictions became final.

On March 5, 1973, a grand jury of the circuit court returned felony indictments against the defendants for malicious wounding of Carawan with intent to maim, disfigure, disable, or kill. Code § 18.1-65. The defendants filed motions to quash the indictments, alleging that their earlier misdemeanor convictions of "a lesser included offense" barred prosecution of the felony indictments. The trial court overruled the motions to quash and later found the defendants guilty of "[u]nlawful [w]ounding as charged" in the indictments. The court sentenced each defendant to a term of one year in the penitentiary, suspended all but 30 days, and placed the defendants on indefinite probation. We granted a writ of error.

The decisive question on appeal is whether the felony prosecutions were barred, upon principles of double jeopardy, by the earlier misdemeanor convictions.

The defendants contend, of course, that the felony prosecutions were barred. The Commonwealth contends, on the other hand, that the felony prosecutions were not barred because the defendants "were never in jeopardy in the Municipal Court as to any felony." The defendants were not in jeopardy, the Commonwealth argues, because the municipal court had no jurisdiction to acquit or convict of the felony charges. Upon return of the felony indictments, the Commonwealth asserts, the misdemeanors were merged into the felonies and the judgments of the municipal court were thereby rendered null and void.

The question, however, is not whether the municipal court had jurisdiction to acquit or convict the defendants of the felony charges. Nor is the question whether the defendants were in jeopardy of conviction of felony in the municipal court. Rather, the question is whether the municipal court had jurisdiction to convict of lesser misdemeanor offenses included within the felony charges so that the municipal court convictions placed the

defendants in danger, absent a double jeopardy bar, of prosecution for identical or greater included offenses.

There can be no doubt that the municipal court did have jurisdiction to convict the defendants of lesser misdemeanor offenses included within the felonies then before the court. Code § 19.1-106, which pertains to the preliminary hearing authority of courts not of record,[1] bestows that precise jurisdiction.[2] Code § 19.1-106 reads in pertinent part as follows:

"If a judge consider that there is sufficient cause only to charge the accused with an offense which the judge has jurisdiction to try, then he shall try the accused for such offense and convict him if he deem him guilty and pass judgment upon him in accordance with law just as if the accused had first been brought before him on a warrant charging him with such offense."

Nor is there any doubt that the municipal court convictions placed the defendants in danger, absent a double jeopardy bar, of prosecution for identical or greater included offenses. The Commonwealth concedes that the "identical acts" of the defendants were the bases of the municipal court convictions as well as the subsequent felony prosecutions. The Commonwealth also concedes that the misdemeanor convictions were for lesser offenses included within the felonies subsequently prosecuted. *See Spradlin v. Commonwealth*, 195 Va. 523, 524, 79 S.E.2d 443, 444 (1954).

■ The double jeopardy clauses of the United States and Virginia Constitutions, as related to the present case, bar prosecution of a criminal charge against an accused already convicted of an identical or lesser included offense. *Ashby v. Commonwealth*, 208 Va. 443, 446, 158 S.E.2d 657, 659 (1968). Offenses are identical if the facts required to convict of one would necessarily convict of the other. *Miles v. Commonwealth*, 205 Va. 462, 467, 138 S.E.2d 22, 26 (1964).

In the present case, the defendants have been convicted of two

---

[1] For the authority of juvenile and domestic relations courts in felony cases, see Code § 16.1-158(8). For an analysis of the jeopardy effect of a juvenile court felony conviction, see *Watts v. Commonwealth*, 213 Va. 57, 189 S.E.2d 346 (1972).

[2] Rule 3A:5(b) (2), Rules of Court, is also applicable. It relates to preliminary hearings of felony charges in courts not of record and provides that "the judge may, if he finds there is probable cause to charge the accused only with a misdemeanor, arraign the accused . . . and proceed to try the accused for the misdemeanor."

inseverable offenses based upon "identical acts." In addition, the defendants have been convicted of both greater and lesser degrees of the same offense. Indeed, absent a double jeopardy bar and considering that the circuit court had authority to convict of lesser included offenses, the defendants could have been convicted in the circuit court of the precise misdemeanors of which they had been convicted previously in the municipal court.

This brings us to the Commonwealth's contention that the double jeopardy bar may be avoided by the merger theory. According to that theory, upon return of the felony indictments, the misdemeanor convictions were merged into the felonies and the judgments of the municipal court were thereby rendered null and void. In our research, the origin of the merger theory has been elusive. The theory has been mentioned, so far as we are able to determine, in only one Virginia case, *Murphy v. Commonwealth*, 64 Va. (23 Gratt.) 960 (1873). *Murphy*, in turn, referred to a Massachusetts case, *Commonwealth v. Roby*, 12 Pick. 496 (1832). However, in *Roby*, the theory does not appear to have been adopted by the Massachusetts court, but to have been merely an argument advanced by the Attorney General in an effort to defeat a double jeopardy plea.

In any event, the Commonwealth relies heavily upon *Murphy*. In *Murphy*, the accused had been convicted by a justice of the peace of the misdemeanor of simple assault. He was later indicted for and convicted of a felony based upon the same criminal act. The statute then in force bestowed jurisdiction upon justices of the peace concurrent with the county courts over assaults not felonious. This court, in a direct holding, stated that because the assault was in fact felonious, the "justice of the peace had no jurisdiction of the case ... and any judgment which may have been rendered by [the] justice ... is null and void, and was no bar to the prosecution for the felony." 64 Va. at 963.

Continuing by way of dictum, the court in *Murphy* theorized that even if the accused had been convicted of simple assault by a county court having jurisdiction of such an offense generally, "the conviction would not have been a bar to an indictment for a felony in the perpetration of which the assault and battery was committed." This was so, it was stated, because the

"misdemeanor in such case is considered as merged in the felony." 64 Va. at 963.

We do not consider *Murphy* applicable in either its direct holding or its dictum. The statutory law in effect at the time of the decision, 1873, did not bestow, as Code § 19.1-106 now bestows, jurisdiction upon courts not of record, in preliminary hearings on felony charges, to convict of lesser included misdemeanors. This jurisdiction did not become effective until March 5, 1896. Acts 1895-96, c. 856. The statutory change renders *Murphy* inapplicable to any case within the purview of present Code § 19.1-106.

We decline to follow *Murphy* for yet another reason: the *Murphy* decision was based upon an erroneous application of the doctrine, recognized in double jeopardy decisions, of "separate and distinct offenses." This doctrine permits prosecution of two or more offenses growing out of the same transaction if the offenses are severable and distinct. For example, an accused may be prosecuted for breaking and entering with intent to commit robbery and for attempted robbery, although both offenses arise from the same incident. *Jones v. Commonwealth*, 208 Va. 370, 376, 157 S.E.2d 907, 911 (1967).

*Murphy*, however, in holding that an offense of felonious assault and a lesser included offense of simple assault were "essentially distinct," erroneously relied upon the previously mentioned Massachusetts case, *Commonwealth v. Roby*. In *Roby*, the accused had been convicted of assault with intent to murder, then a misdemeanor under Massachusetts law. Thereafter, the victim died, and the accused was indicted for murder. A plea of former conviction was overruled on the ground that the offenses of assault with intent to murder and of murder are "distinct in their nature . . . and the legal character of the crime [of murder is] essentially different." The intervening death of the victim was declared the important differentiating factor.

We agree with and adopt the Massachusetts court's analysis of distinct offenses and its conclusion that a conviction of simple assault does not bar a later prosecution for murder resulting from the assault, where the death of the victim intervenes the two prosecutions. However, unlike *Roby*, there was no intervening differentiating factor in *Murphy*. So we think *Roby* was misapplied in *Murphy*.

This misapplication was perpetuated in another Virginia case upon which the Commonwealth relies, *Burford v. Commonwealth*, 179 Va. 752, 20 S.E.2d 509 (1942). In *Burford*, the accused had been acquitted by a trial justice of an original misdemeanor charge of assault and battery and was later indicted for a felony involving the same assault. This court, holding that a plea of double jeopardy had been properly overruled, stated that it "was thought . . . this question had been finally determined" in *Murphy v. Commonwealth, supra.*

■ The reasons we have cited for not following *Murphy* prompt us to refuse to follow *Burford.*[3] We should note, however, a difference in the two cases. *Burford* recognized that the statutes concerning the authority of justices of the peace, and later trial justices, to try misdemeanors had been changed since the time of the *Murphy* decision. That change was characterized in *Burford* as "a slight amendment adopted in 1895-6." The amendment, as has been noted, bestowed jurisdiction upon courts not of record, in preliminary hearings on felony charges, to convict of lesser included misdemeanors. It is clear from *Burford* that because it "was thought" *Murphy* was controlling, this court failed to recognize that the statutory change was more than "slight."

(4) Before concluding, we notice a final argument advanced by the Commonwealth: where the Commonwealth seeks at a preliminary hearing to show only probable cause of a felony, it would be "inequitable" to permit a conviction of a lesser included misdemeanor to bar subsequent prosecution of the felony. The ready answer to this argument is that any equity involved in a double jeopardy plea inures to the benefit of the accused.

We hold that the trial court erred in overruling the defendants' motions to quash the felony indictments. Accordingly, the judgments convicting the defendants of felony will be reversed and the indictments dismissed.

*Reversed and dismissed.*

---

[3] The situation in *Burford* and in the present case should be distinguished from the situation where there is a dismissal by a court not of record of an original felony charge followed by an indictment for the same felony. The latter situation is not involved in this appeal.