## Richmond

## Nancy Rebecca Moore v. Commonwealth of Virginia

September 1, 1977.

Record No. 761328.

Present: All the Justices.

*W.H.C. Venable (Michael S. Shelton; Cohen, Abeloff & Staples,* on brief), for plaintiff in error.

*Jerry P. Slonaker, Assistant Attorney General (Anthony F. Troy, Attorney General,* on brief), for defendant in error.

COMPTON, J., delivered the opinion of the Court.

In this criminal appeal, defendant attacks the procedure which permits the Commonwealth, after felony charges against an accused have been dismissed at a preliminary hearing in the general district court, to subsequently seek indictments and try the defendant on the same charges in the circuit court. On these facts, we find no defect in the procedure, and affirm.

On April 1, 1974, defendant Nancy Rebecca Moore was arrested on two felony warrants in the City of Richmond charging possession of marijuana with intent to distribute and possession of hashish. On April 17, 1974, a preliminary hearing was held in the general district court, at which both charges were "dismissed" by the district judge after a full presentation of the evidence.

Subsequently, on June 3, 1974, the Commonwealth's Attorney sought and obtained from the grand jury indictments against the defendant charging the same offenses. Defendant filed a motion to quash the indictments, which was overruled by the circuit judge. Thereafter and following a bench trial on February 26, 1975, defendant was convicted of both offenses, the trial court suspending the imposition of sentence in each case on April 7, 1975. We granted defendant leave to seek a delayed appeal and, later, awarded her a writ of error, limited to a consideration of the same issues which had been raised by defendant in her motion to quash the indictments.

The first issue is: Does dismissal of felony charges against the defendant, after a full presentation of evidence against her at the preliminary hearing where the district court judge had jurisdiction to convict of a lesser included offense, constitute an adjudication which bars further prosecution, under the principles of double jeopardy? Defendant argues that having been charged with possession of marijuana with intent to distribute, she could have been found guilty of that felony or the misdemeanors of either simple possession without the intent to distribute, Code § 54-524.101:2 (1974 Repl. Vol.) (now in substance § 18.2-250), or possession with intent to distribute only as an accommodation, Code § 54-524.101:1 (1974 Repl. Vol.) (now in substance § 18.2-248). (Defendant suggests no lesser offense included within the charge of possession of hashish.) She contends that under then Code § 19.1-106 (Cum. Supp. 1974) (now, with slight modification, § 19.2-186), when the district court finds there is no probable cause to hold the defendant for trial on the felony charge, but included in the charge are lesser offenses over which the court has jurisdiction, such court is *required* to try the defendant on those lesser offenses. If the court does not so try the defendant, the argument goes, but dismisses the charge after a full evidentiary hearing and releases the defendant, the discharge must be taken as an acquittal of such lesser offenses, and no further prosecution on the same offense can ensue without infringing defendant's constitutional guaranty against double jeopardy. We reject this contention.

Jeopardy means "the danger of conviction," *Rosser* v. *Commonwealth*, 159 Va. 1028, 1036, 167 S.E. 257, 259 (1933), and

does not attach until a defendant is "put to trial before the trier of the facts." *Serfass* v. *United States*, 420 U.S. 377, 388 (1975). But has the defendant been "put to trial" for any misdemeanor under the circumstances of this case? We think not.

■ Code § 19.1-106, *supra*, relating to the preliminary hearing authority of the district courts, then provided in pertinent part as follows:

> "The judge shall discharge the accused if he consider that there is not sufficient cause for charging him with the offense.
>
> "If a judge consider that there is sufficient cause only to charge the accused with an offense which the judge has jurisdiction to try, then he shall try the accused for such offense and convict him if he deem him guilty and pass judgment upon him in accordance with law just as if the accused had first been brought before him on a warrant charging him with such offense."

The preliminary hearing is essentially a screening process. Its primary purpose is to determine whether there is "sufficient cause" for charging the accused with the crime alleged, that is, whether there is reasonable ground to believe that the crime has been committed and whether the accused is the person who committed it. *Williams* v. *Commonwealth*, 208 Va. 724, 160 S.E.2d 781 (1968). The district court has the potential jurisdiction, however, to proceed under certain circumstances to try the accused for a lesser misdemeanor offense included within the felony charge then before the court. *Rouzie and Boudreau* v. *Commonwealth*, 215 Va. 174, 176, 207 S.E.2d 854, 855-56 (1974).

But, contrary to defendant's argument, the district court, when it makes a finding of no probable cause, is not *required* to proceed immediately to try the accused on the merits of such lesser offense, although the court may elect to do so. Under § 19.1-106, the court, in order to try the defendant for the lesser offense, must find not only lack of probable cause on the felony charge but also sufficient cause to charge the accused with the misdemeanor. And even then, as we construe the statute, the court is not obligated as a part of that proceeding to try the defendant at that time on the merits of the misdemeanor. We believe it is manifest from the statute that the General Assembly intended "shall", in the clause "then he shall try the accused for such offense", to be directory only, and not

mandatory. *Compare Andrews* v. *Shepherd*, 201 Va. 412, 414, 111 S.E.2d 279, 281-82 (1959), *with Pettus* v. *Hendricks*, 113 Va. 326, 330, 74 S.E. 191, 193 (1912). The word "shall" in this context means the court has the *responsibility* to proceed to try the accused on the misdemeanor, either at the time of the hearing (but subsequent to the finding of no probable cause on the felony) or at some later time. To construe the language otherwise would mean that at every preliminary hearing on a felony which encompassed a lesser included misdemeanor offense, the Commonwealth must have all its evidence marshaled and be fully prepared to try the misdemeanor as a part of such hearing. This could not have been the legislative intent, given the nature and purpose of the preliminary hearing.

█ Additionally, defendant has failed to sustain her burden to show that she was in fact "put to trial" on any lesser misdemeanor offense in the district court. The record on appeal contains no transcript of the preliminary hearing proceedings. Moreover, the record contains no indication that defendant was arraigned on any misdemeanor, as required by Rule 3A:5(b)(2), which provides that the district judge may arraign and proceed to try the accused on a lesser included misdemeanor upon a finding there is probable cause to so charge the defendant. And the record contains no suggestion that the accused waived any such arraignment. *See* Rule 3A:10.

We are not unmindful that preliminary hearing procedure is often informal and that in some cases a district court may, after hearing the evidence, find no probable cause on the felony and then either announce a finding of guilty of a lesser misdemeanor offense, which the defendant in most cases readily accepts, or immediately proceed to try the lesser offense without formal arraignment or waiver thereof. Nonetheless, absent proof in the record, we will not assume from a mere dismissal of the felony charges that such casual procedure was followed here, and then use such assumption as a predicate for holding the defendant was actually tried and acquitted of a misdemeanor.

Of the cases relied on by defendant to sustain her position, only *Rouzie, supra,* requires comment. In that case, we held that a conviction of a lesser included offense at a preliminary hearing barred a subsequent prosecution for a greater degree of the same offense, under the principles of double jeopardy. Defendant argues that it is inconsistent to prohibit, on the one hand, an

"indictment-over" after previous *conviction* of a lesser-included offense, and to permit, on the other hand, indictment after a previous *dismissal* of the same charges. But she overlooks the fact that in *Rouzie*, jeopardy had attached as the result of the trial and conviction in the court not of record, while here, as we have said, jeopardy did not attach because defendant was not "put to trial" on any misdemeanor in the district court. We were careful to point out in *Rouzie*, 215 Va. at 179 n.3, 207 S.E.2d at 857 n.3, that the situation with which we are here confronted was not there involved.

Consequently, we hold that a mere dismissal of a felony warrant at a preliminary hearing indicates only a finding of lack of probable cause. Since jeopardy has not attached, discharge cannot operate as an acquittal, or finding of not guilty, of any lesser included misdemeanor offense.

■ The second question presented by defendant is whether, under "the statutory scheme" in Virginia, dismissal of felony charges against an accused at a preliminary hearing prohibits a subsequent indictment against the defendant on the same charges? She argues that under Code § 19.1-162 (1960 Repl. Vol.) (now with minor changes § 19.2-217) and § 19.1-163.1 (1960 Repl. Vol.) (now with a slight change § 19.2-218), "the indictment of a defendant arrested on a felony warrant can be *only* by way of a preliminary hearing." She takes the view that once having been arrested on a warrant prior to indictment, she may not be indicted on the same charges after the charges have been dismissed at the preliminary hearing, notwithstanding she was released from custody, and the restriction of bail, subsequent to the dismissal. We do not agree.

Code § 19.1-162, *supra*, then provided, in pertinent part:

"An information may be filed upon presentment or indictment by a grand jury or upon a complaint in writing verified by the oath of a competent witness; but no person shall be put upon trial for any felony, unless an indictment or presentment shall have first been found or made by a grand jury in a court of competent jurisdiction or unless such person, by writing signed by such person before the court having jurisdiction to try such felony or before the judge of such court in vacation, shall have waived such indictment or presentment, in which event he may be tried on a warrant or information."

Code § 19.1-163.1, *supra*, then provided:

"No person who is arrested on a charge of felony shall be denied a preliminary hearing upon the question of whether there is reasonable ground to believe that he committed the offense and no indictment shall be returned in a court of record against any such person prior to such hearing unless such hearing is waived in writing."

Section 19.1-162 guarantees to every accused that, absent waiver, he shall not be tried for a felony without an indictment or presentment of a grand jury. Section 19.1-163.1 means, however, that no person who is actually under arrest on a felony charge prior to indictment may be denied, absent waiver, a preliminary hearing on probable cause. *See Webb* v. *Commonwealth*, 204 Va. 24, 31, 129 S.E.2d 22, 27-28 (1963). The latter section deals by its very language only with a person who is "arrested", meaning, within this context, a person who is detained in custody by authority of law or one who is under a legal restraint. A person, such as this accused, who has been dismissed after a probable cause hearing, and whose freedom of movement and liberty is not subject to any legal restriction, certainly is not a person who "is arrested on a charge of felony" within the meaning of § 19.1-163.1. As the Attorney General points out, had the General Assembly intended to bar forever the bringing of an indictment after a finding of no probable cause by a district court, the statute could have easily been so drawn. We think the failure of the legislature to so provide was intentional. Such a prohibition would have been totally inconsistent with the provisions of Code § 19.1-158 (1960 Repl. Vol.) (now Code § 19.2-203), which permits reindictment of the same accused on the same charge when a prior indictment is returned "not a true bill." That statute, of course, permits use of the very same procedure condemned by this defendant. It allows the prosecutor, once having failed to establish probable cause, to seek, perhaps armed with more or newly discovered evidence, another indictment on the same charge.

Focusing on statutory predecessors to Code § 19.1-163.1, enacted in 1960, and *Benson* v. *Commonwealth*, 190 Va. 744, 58 S.E.2d 312 (1950), defendant argues that a statement in *Webb* v. *Commonwealth*, *supra*, sustains her position. In the 1880s the General Assembly eliminated a statutory requirement that an

accused, when indicted, should be sent before a justice of the peace for examination. *Jones* v. *Commonwealth*, 86 Va. 661, 661-62, 10 S.E. 1005, 1005 (1890). In *Benson*, the accused had been arrested on a warrant. When he insisted that a preliminary hearing be held prior to the time witnesses were allowed to appear before the grand jury, the Commonwealth's Attorney dismissed the warrant. After a subsequent indictment by the grand jury, this court held that defendant had no statutory or constitutional right to a preliminary hearing prior to the finding of the indictment or to his trial thereon. 190 Va. at 750, 58 S.E.2d at 314. In 1960, § 19.1-163.1 was enacted as emergency legislation. Acts 1960, ch. 389. Then in *Webb*, a case in which the defendant had not been arrested prior to indictment but who nevertheless claimed a right to a preliminary hearing, we commented, before holding that the action of the grand jury preempted the defendant's right to such a hearing, as follows:

"It may reasonably be assumed from the language used in § 19.1-163.1 that it was enacted to change the effect of our holding in the *Benson* case by granting an accused the right to a preliminary hearing when he has been arrested on a warrant charging a felony before an indictment may be returned by a grand jury."

204 Va. at 31, 129 S.E.2d at 27.

The defendant dwells on the foregoing statement and argues it establishes that the *only* route to an indictment after arrest is through a preliminary hearing. We do not agree. In *Webb*, we were addressing a *Benson*-type situation in which the Commonwealth's Attorney bypassed a preliminary hearing and went directly to the grand jury when the defendant already had been arrested. The case at bar is quite different. Here, defendant has been afforded a preliminary hearing; there has been no evasion of the probable cause determination. And, there is nothing in *Webb*, or the statute, as we have said, which affords any additional guarantee to an accused under arrest except that he shall be entitled to a preliminary hearing "prior" to the bringing of an indictment against him on the same charges.

Defendant's reliance on *McCann* v. *Commonwealth*, 55 Va. (14 Gratt.) 570 (1857), is also misplaced. That case was decided when § 11 of Chapter 205 of the Code of 1849 was in force. Subsequently repealed, Acts 1866-67, ch. 118, section 11 provided

that upon discharge of an accused at a probable cause hearing, he could not thereafter be questioned or tried for the same offense. That early statute has no modern counterpart in Virginia.

■ Finally, we reject defendant's third contention, which is that "giving a prosecutor the power to bring an indictment, when the same charges have been dismissed after a full presentation of evidence on a preliminary hearing, allows the potential for prosecutorial vindictiveness in violation of due process of law." Citing no authority directly on point, defendant relies on cases such as *Blackledge* v. *Perry*, 417 U.S. 21 (1974), to sustain her position. In that case, the defendant was convicted in a North Carolina court not of record of the misdemeanor of assault with a deadly weapon. He then filed a notice of appeal for a trial *de novo* in the court of record. Thereafter, and before the new trial, the prosecutor obtained a grand jury indictment charging defendant with the felony of assault with a deadly weapon with intent to kill and inflict serious bodily injury. The defendant pleaded guilty and was convicted of the felony. In the habeas corpus appeal, the Supreme Court held that the fourteenth amendment due process clause was contravened when the charge for the same conduct was raised to a felony upon appeal of a misdemeanor conviction entitling defendant to a trial *de novo*. The Court stated that due process is offended only by those possibilities of increased punishment which "pose a realistic likelihood of 'vindictiveness' ", 417 U.S. at 27, but that a convicted accused is entitled to pursue his statutory right to a trial *de novo* without apprehension that the state will retaliate by " 'upping the ante' ", *id.* at 28, and substituting a felony indictment for an appealed misdemeanor charge. To allow such procedure, the Court said, would mean that "only the most hardy defendants will brave the hazards of a *de novo* trial." *Id.*

*Blackledge*, and the other cases cited by defendant, do not sustain her due process argument. Here there has been no conviction in the district court, no appeal to the circuit court and no "upping" of the "ante"; and, no realistic likelihood of prosecutorial vindictiveness has been demonstrated.

For these reasons, the judgments of conviction in this case will be

*Affirmed.*