45 F.3d 428
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Edward MITCHELL, Defendant-Appellant.
 No. 94-5331.
 United States Court of Appeals, Fourth Circuit.
 Submitted: November 22, 1994.
Decided: December 29, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Richard L. Williams, Senior District Judge. (CR-89-19)
 Andrew I. Becker, JON D. BECKER & ASSOCIATES, P.C., Virginia Beach, VA, for Appellant. Helen F. Fahey, United States Attorney, Mark A. Exley, Assistant United States Attorney, Norfolk, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Edward Mitchell appeals from the district court's revocation of his supervised release. Because we find the objections raised on appeal without merit, we affirm the order of the district court.
 
 
 2
 In December 1989, Mitchell was convicted on three counts of making a false statement to a firearms dealer, 18 U.S.C. Sec. 922(a)(6) (1988), and three counts of receipt of a firearm by a convicted felon, 18 U.S.C. Sec. 922(g)(1) (1988). Mitchell was sentenced to twenty-one months imprisonment, followed by three years of supervised release. One of the conditions of his supervised release was that he not violate federal, state, or local law during the release term. Between April 1991 and August 1993, however, Mitchell was convicted of one count each of drinking in public, littering, and disorderly conduct, and twice for failure to obey a highway sign.
 
 
 3
 On October 16, 1993, an officer of the Norfolk Police Department observed Mitchell's vehicle parked illegally in a location known for drug activity. The officer was familiar with the surrounding neighborhood and its residents, but did not recognize Mitchell or the automobile he was driving. The officer videotaped Mitchell conversing with an individual whom the officer had seen sell drugs to three men immediately prior to Mitchell's arrival. The suspected drug dealer leaned into Mitchell's driver's side window during their conversation. Suspecting criminal activity, the officer called for a marked patrol car to stop Mitchell's car.
 
 
 4
 As Mitchell drove away from the area, he was pulled over by the patrol car. When the officer asked for identification, Mitchell opened the glove compartment, revealing a substantial sum of money and a plastic bag full of smaller, glassine bags commonly used to package drugs. Mitchell quickly closed the door to the glove compartment, but was arrested by the officer for possession of narcotics. A search of the vehicle revealed that the glassine packages contained heroin. The police also found a firearm underneath the driver's seat.
 
 
 5
 State charges were filed against Mitchell, but were dismissed at a preliminary hearing when the Norfolk District Court found the police lacked sufficient cause under the Fourth Amendment to stop Mitchell.
 
 
 6
 At the subsequent hearing to revoke Mitchell's supervised release, the federal district court judge found the stop reasonable due to the observing officer's suspicion, based on his experience, training and the activity he witnessed, that Mitchell was involved in a narcotics transaction. The judge admitted into evidence the heroin and the firearm, and found that Mitchell had violated the terms of his supervised release by possessing narcotics and a handgun. By order of the district court, Mitchell's supervised release was revoked, and he was sentenced to twenty-four months imprisonment. It is from this order that Mitchell appeals.
 
 
 7
 Mitchell claims that he is being subjected to double jeopardy because he was charged in federal court with the same crimes that were dismissed by the state court. Mitchell also argues that the federal court was bound by the state judge's finding that the stop which produced the drugs and the gun was unreasonable under the Fourth Amendment. Mitchell claims in the alternative that, even if the federal court could rule independently on the constitutionality of the stop, the evidence should have been suppressed because the stop was, in fact, unreasonable. Finally, Mitchell asserts that there was insufficient evidence to support a finding that the gun and the heroin were his.
 
 
 8
 I. Double Jeopardy.
 
 
 9
 Mitchell's assertion that he is being subjected to double jeopardy is without merit. "[T]the Constitution does not deny the State and Federal Governments the power to prosecute for the same act." Rinaldi v. United States, 434 U.S. 22, 28 (1977); see United States v. Iaquinta, 674 F.2d 260, 264 (4th Cir.1982). Moreover, in the case before us, Mitchell was not placed in jeopardy by the state court preliminary hearing. See Va.Code Sec. 19.2-186 (1950); Moore v. Commonwealth, 218 Va. 388, 393, 237 S.E.2d 187, 191 (1977) (holding that "mere dismissal of a felony warrant at a preliminary hearing ... does not preclude subsequent indictment of defendant on the same charges").
 
 
 10
 II. Collateral Estoppel.
 
 
 11
 Mitchell next contends that because the Norfolk General District Court found the police lacked sufficient cause to stop Mitchell, the United States District Court could not properly admit into evidence the weapon and drugs obtained from the stop. In essence, Mitchell seeks to invoke collateral estoppel or issue preclusion to prevent the federal court from conducting its own Fourth Amendment analysis of the police action.
 
 
 12
 Collateral estoppel may preclude the relitigation of an issue conclusively determined at a previous criminal proceeding. United States v. Blackwell, 900 F.2d 742, 745 (4th Cir.1990); United States v. Ragins, 840 F.2d 1184, 1194 (4th Cir.1988). However, the doctrine serves as a bar only against parties who were represented in the prior proceeding, and had a "full and fair opportunity to litigate the issue." Sandberg v. Virginia Bankshares, 979 F.2d 332, 343 (4th Cir.1992) (quoting Virginia Hosp. Ass'n v. Baliles, 830 F.2d 1308, 1311 (4th Cir.1987)). Because the United States was not a party to the preliminary hearing in Norfolk District Court, it is not bound by the state court's ruling that the stop violated the Fourth Amendment. Moreover, the Supreme Court has held that "[i]n determining whether there has been an unreasonable search and seizure by state officers, a federal court must make an independent inquiry, whether or not there has been such an inquiry by a state court." Elkins v. United States, 364 U.S. 206, 223-24 (1960).
 
 
 13
 III. Appellant's Motion to Suppress.
 
 
 14
 Mitchell argues that the police lacked sufficient cause under the Fourth Amendment to stop him, and that the evidence obtained during the stop was therefore inadmissible. We disagree.
 
 
 15
 The exclusionary rule applies at a proceeding to revoke a defendant's supervised release. United States v. Workman, 585 F.2d 1205, 1211 (4th Cir.1978). In an appeal from a district court's denial of a motion to suppress, we review the district court's findings of fact for clear error, and its application of Fourth Amendment standards de novo. United States v. Rusher, 966 F.2d 868, 873 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S.1992).
 
 
 16
 Police may conduct an investigatory stop under Terry v. Ohio, 392 U.S. 1, 21-22 (1968), if the officer can "point to specific and articulable facts" giving rise to a reasonable suspicion of criminal behavior. The officer's investigation must be "reasonably related in scope to the circumstances which justified the interference in the first place." Terry, 392 U.S. at 20.
 
 
 17
 The testimony offered at the hearing supports the district court's finding that the circumstances viewed by the officers gave rise to a reasonable suspicion that Mitchell was involved in illegal activity. Based upon the facts in the record, we hold that the brief stop and request for identification were consistent with the Fourth Amendment standards articulated in Terry, and that the evidence derived therefrom was properly admitted.
 
 
 18
 IV. Sufficiency of the Evidence.
 
 
 19
 Pursuant to 18 U.S.C.A. Sec. 3583(e)(3) (West Supp.1994), the district court may revoke a defendant's supervised release "if it finds by a preponderance of the evidence that the person violated a condition of supervised release." Because the standard of proof is less than is required for a criminal conviction, the district court may find that the defendant has violated a condition of his supervised release based on its own finding of new criminal conduct, even if the defendant is acquitted on criminal charges arising from the same conduct, or if the charges against him are dropped. United States v. Stephenson, 928 F.2d 728, 732 (6th Cir.1991) (citations omitted).
 
 
 20
 Initially, we note that the district court would have been within its discretion in revoking Mitchell's supervised release, irrespective of the criminal behavior at issue, based upon Mitchell's four prior convictions during his supervised release term. That said, we find that the evidence before the district court was sufficient to support the finding that the heroin and the firearm were Mitchell's. Mitchell was observed in an area of high drug activity interacting with a person who was selling heroin. When Mitchell was stopped, the glove compartment where Mitchell kept his driver's license contained 102 bags of heroin, and a wad of cash. Under Mitchell's seat was a handgun.
 
 
 21
 Mitchell denies any knowledge of the drugs or the gun, pointing out that the vehicle belonged to his wife. He testified that his own car was in the shop, and that he drove his wife's car only to get to and from work. He could offer no suggestion, however, as to whose drugs and gun were in the car. Although there is no direct evidence that the heroin or the gun was Mitchell's, the circumstantial evidence more than satisfies the evidentiary standard applied at a revocation hearing. See generally United States v. Blue, 957 F.2d 106, 107-08 (4th Cir.1992) (discussing constructive possession of contraband in automobile). Accordingly, we find no error in the district court's conclusion that Mitchell violated federal narcotics and handgun laws.
 
 
 22
 Conclusion.
 
 
 23
 Because the district court committed no error, we deny Mitchell's appeal, and affirm the order of the district court revoking Mitchell's supervised release and imposing a prison sentence in its stead. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 24
 AFFIRMED.