COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Overton and Senior Judge Duff
Argued at Alexandria, Virginia


DOUGLAS M. ARMEL, JR.
                                            OPINION BY
v.        Record No. 1735-97-4       JUDGE RICHARD S. BRAY
                                          OCTOBER 13, 1998
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY
                    William Shore Robertson, Judge

            Elwood Earl Sanders, Jr., Director
            Capital/Appellate Services (Laura A. Cook,
            Assistant Public Defender; Public Defender
            Commission, on briefs), for appellant.

            Michael T. Judge, Assistant Attorney General
             (Mark L. Earley, Attorney General, on
            brief), for appellee.


        Douglas Armel, Jr. (defendant) was convicted in a bench

trial on indictments which alleged that he uttered a check with

intent to defraud and possessed a firearm while a convicted

felon.  The indictments followed a <u>nolle</u> <u>prosequi</u> in the general

district court of warrants charging the identical offenses.

Defendant complains on appeal that this procedure denied him a

preliminary hearing on the original warrants in violation of Code

§ 19.2-218.  Finding no error, we affirm the convictions.

        On July 17, 1996, defendant was arrested on warrants

charging the instant offenses.  A witness necessary to

prosecution of the offenses was not present at the preliminary

hearing in the general district court, and the Commonwealth

successfully moved the court to <u>nolle</u> <u>prosequi</u> the charges.

Thereafter, on September 9, 1996, a grand jury directly indicted defendant for the same offenses.

Defendant moved the trial court to quash the indictments, arguing that the Commonwealth had pursued a procedural course which circumvented his statutory right to a preliminary hearing on the original arrest warrants. In denying the motion, the court found that a nolle prosequi of the warrants had been granted in accordance with Code § 19.2-265.3[1] and, therefore, defendant was not entitled to a preliminary hearing pursuant to Code § 19.2-218 because he was not "arrested on a charge of felony" at the time of indictment.

It is well established that "[w]hen the Commonwealth seeks to prosecute an adult for a felony, it has several options how to proceed, including direct indictment, presentment, information, or arrest warrant followed by a preliminary hearing" in the general district court. Burfoot v. Commonwealth, 23 Va. App. 38, 44, 473 S.E.2d 724, 728 (1996); see Code §§ 19.2-217, -218. The preliminary hearing which attends prosecution of an arrest warrant is "essentially a screening process . . . [to ascertain] whether there is reasonable ground to believe that the crime has been committed and . . . the accused is the person who committed it." Moore v. Commonwealth, 218 Va. 388, 391, 237 S.E.2d 187, 190 (1977) (citation omitted); see Code § 19.2-186. Similarly, direct indictment by a grand jury results from a finding of "just

---

[1]Defendant does not take issue with this finding on appeal.

or probable cause" that the accused committed a specified criminal offense.  See Britt v. Commonwealth, 202 Va. 906, 907, 121 S.E.2d 495, 496 (1961) (citation omitted); see also Code §§ 19.2-191, -200, -202.  Although neither a preliminary hearing nor an indictment is "jurisdictional and constitutionally imposed," it is reversible error to deny such statutory rights whenever asserted by an accused.  Triplett v. Commonwealth, 212 Va. 649, 650-51, 186 S.E.2d 16, 17 (1972) (citation omitted).

An election by the Commonwealth to pursue a felony prosecution either by warrant and arrest or direct indictment has substantive procedural implications.  "'[W]here an adult accused is directly indicted . . ., without having been previously arrested and charged, the jurisdiction of the circuit court is thereby invoked, and no preliminary hearing is required . . . .'"  Burfoot, 23 Va. App. at 45, 473 S.E.2d at 728 (alteration in original) (citation omitted).  Code § 19.2-218, however, directs that,

> [n]o person who is arrested on a charge of felony shall be denied a preliminary hearing upon the question of whether there is reasonable ground to believe that he committed the offense and no indictment shall be returned in a court of record against any such person prior to such hearing unless such hearing is waived in writing by the accused.

Defendant, therefore, reasons that his earlier arrest on felony warrants triggered the necessity of a preliminary hearing before an "indictment shall be returned."

Defendant's argument, however, is belied by the procedural

history of the instant prosecution.  The <u>nolle</u> <u>prosequi</u> of the original arrest warrants in the general district court "terminated the . . . charges, . . . as if they had never existed.  When the Commonwealth subsequently brought [the] new indictment[s], [they were] 'new charge[s], distinct from the original charge[s] . . . .'"  <u>Watkins v. Commonwealth</u>, 27 Va. App. 473, 475, 499 S.E.2d 589, 590 (1998) (<u>en</u> <u>banc</u>) (quoting <u>Arnold v. Commonwealth</u>, 18 Va. App. 218, 221, 443 S.E.2d 183, 185, <u>aff'd en banc</u>, 19 Va. App. 143, 450 S.E.2d 161 (1994)).  Thus, "'the slate [was] wiped clean, and the situation [was] the same as if "the Commonwealth had chosen to make no charge."'"  <u>Id.</u> at 475, 499 S.E.2d at 590 (quoting <u>Burfoot</u>, 23 Va. App. at 44, 473 S.E.2d at 727 (citation omitted)).

In construing former Code § 19.1-163.1, the predecessor to Code § 19.2-218, the Supreme Court instructed that "'arrested' . . . within this context [references] a person who is detained in custody by authority of law or one . . . under a legal restraint."  <u>Moore</u>, 218 Va. at 394, 237 S.E.2d at 192 (rejecting argument that the <u>only</u> route to indictment after arrest is through preliminary hearing).  An accused "whose freedom of movement and liberty is not subject to any legal restriction, certainly is not a person who 'is arrested on a charge of felony'" within the intendment of Code § 19.2-218.  <u>Id.</u> at 394, 237 S.E.2d at 192.  Therefore, direct indictment of an accused not then arrested for such offense is neither "manipulative [nor]

. . . a denial of any statutory right to which the defendant was entitled."  Waye v. Commonwealth, 219 Va. 683, 689, 251 S.E.2d 202, 206, cert. denied, 442 U.S. 294 (1979) (citation omitted); see also Moore, 218 Va. at 394, 237 S.E.2d at 192; Land v. Commonwealth, 211 Va. 223, 224-25, 176 S.E.2d 586, 587-88 (1970); Seibert v. Commonwealth, 22 Va. App. 40, 43-44, 467 S.E.2d 838, 840 (1996).

Accordingly, upon nolle prosequi of the offenses charged in the original warrants, defendant was no longer "arrested on a charge of felony" contemplated by Code § 19.2-218 and was thereafter properly indicted without the benefit of a preliminary hearing.  We, therefore, affirm the convictions.

Affirmed.