# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Monroe Johnathon Case, Jr.

March 6, 2001

Case No. CR00004078

BY JUDGE MARC JACOBSON

On May 26, 2000, Monroe Johnathon Case, Jr., was charged with and arrested for Possession with Intent to Distribute Cocaine and Distribution of Cocaine. A preliminary hearing was scheduled for July 10, 2000, but was continued to October 2, 2000, per the request of Defendant's retained attorney, William P. Robinson, Jr. The Defendant appeared in the Norfolk General District Court on August 2, 2000, and at said appearance, according to the records, Defendant's counsel was not present nor was anyone present from the Commonwealth's Attorney's office. The Commonwealth's Attorney represents that it had no knowledge of the August 2 date on which Defendant appeared in the Norfolk General District Court and was only aware of the above referred to October 2 date.

The felony warrants indicate that on August 2, in addition to the Commonwealth's Attorney not being present, the Defendant waived counsel and the Court dismissed the warrants, apparently without hearing any evidence. There is no indication on either of the felony warrants or in the Norfolk General District Court records whether Defendant was arraigned and entered a plea, whether any witnesses were present or sworn, or whether any testimony or evidence was presented but, in any event, the felony warrants were dismissed.

Sometime between August 2 and the date which the Commonwealth's Attorney represents it thought the matters would be heard in the Norfolk General District Court, October 2, the Commonwealth's Attorney discovered

that the charges had been dismissed by the Norfolk General District Court on August 2. On October 4, the Commonwealth brought the same charges against the Defendant by way of direct indictment to the Grand Jury. Defendant was subsequently arrested as a result of the direct indictments on October 14, 2000.

Defendant seeks to dismiss the pending indictments because he was previously arrested (May 26, 2000) on two felony warrants prior to being indicted, a preliminary hearing was not held in the case, and he did not waive his alleged right to a preliminary hearing under Va. Code § 19.2-218.

In the instant case, Defendant was originally arrested on felony warrants and the charges were dismissed as set forth above on August 2, 2000. It is Defendant's second arrest that directly relates to the current charges; the first arrest merely resulted in a dismissal of the charges and cannot be considered in determining Defendant's entitlement to a preliminary hearing. Under such circumstances, Defendant is not entitled to a preliminary hearing. In *Moore v. Commonwealth*, 218 Va. 388, 237 S.E.2d 187 (1977), the defendant was arrested for possession of marijuana with intent to distribute and possession of hashish. A preliminary hearing was held in the General District Court, where the charges were dismissed by the judge after a full presentation of evidence. Subsequently, the Commonwealth sought direct indictments, which the defendant moved to quash. The Supreme Court ruled that the dismissal of the charges in the first instance did not bar prosecution of the charges by direct indictment, stating:

> The preliminary hearing is essentially a screening process. Its primary purpose is to determine whether there is "sufficient cause" for charging the accused with the crime alleged, that is, whether there is reasonable ground to believe that the crime has been committed and whether the accused is the person who committed it.

*Id.* at 391, 237 S.E.2d at 190. The Court also examined the defendant's argument that the Virginia Code mandated a preliminary hearing, and since she was denied a second one on the new indictments, the charges should be dismissed. The Court noted:

> Section 19.1-162 [the precursor to Section 19.2-217] guarantees to every accused that, absent waiver, he shall not be tried for a felony without an indictment or presentment of a grand jury. Section 19.1-163.1 (the precursor to Section 19.2-218) means, however, that no person who is actually under arrest on a felony charge prior to indictment may be denied, absent waiver, a preliminary hearing on

probable cause. [Citation omitted.] The latter section deals by its very language only with a person who is "arrested," meaning, within this context, a person who is detained in custody by authority of law or one who is under a legal restraint. A person, such as this accused, who has been dismissed after a probable cause hearing, and whose freedom of movement and liberty is not subject to any legal restriction, certainly is not a person who "is arrested on a charge of felony" within the meaning of § 19.1-163.1. As the Attorney General points out, had the General Assembly intended to bar forever the bringing of an indictment after a finding of no probable cause by a district court, the statute could have easily been so drawn. We think the failure of the legislature to so provide was intentional. Such a prohibition would have been totally inconsistent with the provisions of Code § 19.1-158 (1960 Repl. Vol.) [now Code § 19.2-203], which permits reindictment of the same accused on the same charge when a prior indictment is returned "not a true bill." That statute, of course, permits use of the very same procedure condemned by this defendant. It allows the prosecutor, once having failed to establish probable cause, to seek, perhaps armed with more or newly discovered evidence, another indictment on the same charge.

*Id.* at 394, 218 S.E.2d at 192.

Defendant argues that because he was initially arrested before indictment he is statutorily entitled to a preliminary hearing, even though he was set free after the first arrest, without a determination of probable cause having been made, and was arrested a second time after a grand jury returned true bills. Defendant's first arrest on the pending charges did not automatically trigger his statutory right to a preliminary hearing at this time, because he was re-arrested after a grand jury directly indicted him. Analogously, the Court of Appeals has decided that if a defendant is arrested before indictment and the charges are subsequently *nolle prossed* at the General District Court level, the defendant may be rearrested upon a direct indictment without triggering his right to a preliminary hearing. *See Armel v. Commonwealth*, 28 Va. App. 407, 505 S.E.2d 378 (1998). Section 19.2-218 does not contemplate a situation where a defendant is arrested on a warrant, the charges are dismissed, and the defendant is re-arrested by virtue of a direct indictment. The statute merely speaks to cases where defendants are arrested on a single occasion before indictment, and there can be no further proceedings without a determination of probable cause, not when a defendant is directly indicted by a grand jury.

Defendant's Motion to Dismiss is denied.