## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Patrick W. Muth

November 16, 2006

Case No. FE-2006-1136

BY JUDGE JANE MARUM ROUSH

This matter came on for a hearing on November 3, 2006, on the defendant's motion to dismiss. At that time, I took the motion under advisement. I have now fully reviewed the brief of the defendant and considered the arguments of counsel. For the reasons stated below, the motion to dismiss will be denied.

*Facts*

Patrick Muth was arrested on a warrant and charged with aggravated sexual battery. The charge was later amended to custodial indecent liberties in violation of Va. Code § 18.2-370.1. At the time of his preliminary hearing in the Juvenile and Domestic Relations District Court, the commonwealth's attorney was allowed to *nolle pros* the case over Muth's objection. The commonwealth's attorney then presented the case to the grand jury, which indicted Muth on the charge of custodial indecent liberties. The result of this course of events is that the defendant did not have a preliminary hearing and has little idea of the Commonwealth's evidence against him.

*Defendant's Motion*

Muth has moved to dismiss the charge on the grounds that the prosecutor's action in *nolle prossing* the case and then obtaining a straight indictment deprived Muth of his statutory right to have a preliminary hearing under Code § 19.2-218 when he had originally been arrested on a warrant. Alternatively, Muth asks that this court remand the case to the juvenile and domestic relations district court with the direction to conduct a preliminary hearing.

*Discussion*

The Commonwealth responds that the issue presented by the defendant's motion to dismiss is answered by *Armel v. Commonwealth*, 28 Va. App. 407, 505 S.E.2d 378 (1998). In that case, Armel was arrested on a warrant, the charges were *nolle prossed* at the preliminary hearing, and Armel was straight indicted on the same charges. As with the defendant in this case, Armel argued that the he had been deprived of his right to a preliminary hearing. The Court of Appeals rejected that argument, holding that:

> The *nolle prosequi* of the original arrest warrants in the general district court terminated the charges as if they had never existed. When the Commonwealth subsequently brought the new indictments, they were new charges, distinct from the original charges. Thus, the slate was wiped clean and the situation was the same is if the Commonwealth had chosen to make no charge.

28 Va. App. at 410 (internal citations, ellipses, brackets, and quotation marks omitted). The Court of Appeals continued:

> Therefore, direct indictment of an accused not then arrested for such offense is neither manipulative nor a denial of any statutory right to which the defendant was entitled.

28 Va. App. at 411, *quoting Waye v. Commonwealth*, 219 Va. 683, 689, 251 S.E.2d 202, 206, *cert. denied*, 442 U.S. 924, 99 S. Ct. 2850, 61 L. Ed. 2d 292 (1979) (internal ellipses, brackets, and quotation marks omitted).

Muth distinguishes *Armel* by arguing that Mr. Rodway, the assistant commonwealth's attorney assigned to this case, has a practice of depriving defendants of their statutorily-protected right to a preliminary hearing by

routinely *nolle prossing* cases and then seeking a direct indictment. Muth presented evidence of Mr. Rodway's use of this tactic in other cases. See, e.g., *Commonwealth v. Stacey Lynn Wright*, FE-2006-255. By coincidence, there were six other cases on my docket on November 3, 2006 (the date of the hearing on Muth's motion to dismiss) in which Mr. Rodway refused to put on evidence at the preliminary hearing. The defendants in those cases were forced to waive a preliminary hearing rather than have to post a substantial new bond if the cases were *nolle prossed* and new cases were initiated by straight indictments. See *Commonwealth v. Nicholas Kumar Bansal*, FE-2006-1203 and FE-2006-1204, *Commonwealth v. Raj Kumar Bansal*, FE-2006-1205 and FE-2006-1206, and *Commonwealth v. Steven Kumar Bansal*, FE-2006-1207 and FE-2006-1208.

The defendant has established to the court's satisfaction that Mr. Rodway does have a practice of *nolle prossing* or threatening to *nolle pros* cases in order to avoid revealing the Commonwealth's evidence to the defendant at a preliminary hearing. At the hearing on the defendant's motion to dismiss, the Commonwealth made no effort to deny that it has such a practice. While I do not approve of such a practice, I do not believe that either remanding the case to the district court with directions to hold a preliminary hearing or dismissing the indictment is the appropriate remedy.

I am bound to follow the precedent of *Armel v. Commonwealth* which found that the tactic was neither manipulative nor a violation of the defendant's rights under Va. Code § 19.2-218.

Unless the appellate courts of Virginia revisit the precedent of *Armel v. Commonwealth*, the defendant's remedy appears to be to seek a change in the statutes that permit the Commonwealth to circumvent the defendant's statutory right to a preliminary hearing by *nolle prossing* the case and then seeking a straight indictment.

For these reasons, the defendant's motion to dismiss will be denied.