# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Anthony Lee

April 7, 1999

Case No. (Criminal) 98-240

BY JUDGE EDWARD L. HOGSHIRE

In this criminal case, the Commonwealth moved to nolle prosequi the various charges against the Defendant. Defendant objected, and the Court granted leave to brief the issues. After reviewing the submissions by the parties, the Court concludes that the Commonwealth's motion should be granted in part and denied in part.

## Facts

Defendant was to stand trial on March 10, 1999, for forging a Virginia uniform summons in violation of Va. Code § 18.2-168, driving under the influence of alcohol in violation of Va. Code § 18.2-226, and driving after having been declared a habitual offender in violation of § 46.2-357. Upon arriving at court, the Commonwealth's Attorney discovered that the certificate of analysis containing the results of a breath test had not been properly filed, that the allegedly forged document could not be located, and that Defendant had not received notice that he had been declared a habitual offender until after the alleged offense date.

The Commonwealth's Attorney found himself unable to proceed and consequently moved to nolle prosequi the indictments against the Defendant.

Defense counsel objected to nolle prosequi arguing that no good cause had been shown. The Court granted the nolle prosequi motion for the forgery and habitual offender charges but took the motion under advisement for the DUI charge.

## Question Presented

Did the Commonwealth have good cause to nolle prosequi the various indictments against the Defendant?

## Discussion of Authorities

The Virginia Code provides that "Nolle prosequi shall be entered only in the discretion of the court, upon motion of the Commonwealth with good cause therefor shown." Va. Code § 19.2-265.3. Therefore, the Court must, in its discretion, determine whether good cause was shown for each of the motions to nolle prosequi.

## I. *Reconsideration of Ruling Granting Nolle Prosequi*

The Court declines to reconsider its original ruling granting the Commonwealth's motion to nolle prosequi the forgery and habitual offender charges. The Court is satisfied that the Commonwealth in both instances sought the nolle prosequi based on its perceived defects in the original indictments. Thus, this case is distinguishable from *Battle v. Commonwealth*, 12 Va. App. 624 (1991), upon which the Defendant relies. In narrowing the scope of its holding in *Battle* that the trial judge erred in granting the nolle prosequi, the Court of Appeals emphasized, "This is not an instance of a mere oversight, resulting in the Commonwealth's decision to seek new indictments," *id.* at 630, and, "Nor did the Commonwealth contend that there was a potential defect in the procedure or indictments that may result in a subsequent reversal or remand." *Id.* at 631, n. 2. Here, the Commonwealth believed that the defective indictments could ultimately result in a subsequent reversal and remand, and the Court considers that to constitute good cause within the meaning of § 19.2-265.3.

## II. *The DUI Charge*

The DUI claim, however, presents a different scenario than the forgery and habitual offender charges. The Commonwealth did not rest its motion on

a faulty indictment, rather it acknowledged that without the certificate of analysis, it could not prove Defendant's guilt on the DUI charge. No explanation for the failure to file the certificate was provided at the time the motion was made.

The legislature has established a clear requirement for filing a certificate of analysis in DUI cases. Such evidence is admissible "provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel." Va. Code § 19.2-187.

Virginia case law demands strict compliance with the provisions of § 19.2-187, and the Defendant is not required to show prejudice by the lack of compliance. *See, e.g., Woodward v. Commonwealth,* 16 Va. App. 672, 674 (1993). The Court of Appeals has further emphasized: "It is well established that the filing requirement of Code § 19.2-187 must be construed strictly against the Commonwealth and in favor of the accused. By its language, however, the statute requires only that the certificate be filed." *Waller v. Commonwealth,* 27 Va. App. 71, 76 (1998). Here, however, the Commonwealth frankly acknowledges that "the certificate of analysis had not been filed." *Mem. in Response,* 1.

The Court of Appeals has also held that a continuance by the Commonwealth is insufficient to remedy a filing defect under this statute. *Bottoms v. Commonwealth,* 20 Va. App. 466, 468 (1995). The question thus becomes whether, in this situation, the Commonwealth's motion for nolle prosequi effectively allows it to avoid its statutory obligation. The Court of Appeals has stressed, "A continuance *of any length* after the trial had begun would not have remedied the Commonwealth's non-compliance [with § 19.2-187]." *Bottoms,* 20 Va. App. at 468 (emphasis added). The Court, exercising its discretion, concludes that the Commonwealth, under the facts at bar, cannot use a nolle prosequi motion as a substitute for an impermissible continuance.

*Conclusion*

For the above-stated reasons, the Court adheres to its earlier decision to grant the nolle prosequi concerning the forgery and habitual offender charges, but it denies the nolle prosequi concerning the DUI count.