659 S.E.2d 583

**Stacey Lynn WRIGHT**

v.

**COMMONWEALTH of Virginia.**

**Record No. 2986–06–4.**

Court of Appeals of Virginia,
Alexandria.

April 22, 2008.

630

Nina J. Ginsberg (DiMuroGinsberg, P.C., on briefs), for appellant.

Donald E. Jeffrey, III, Assistant Attorney General (Robert F. McDonnell, Attorney General, on brief), for appellee.

Present: CLEMENTS, HALEY, JJ., and BUMGARDNER, S.J.

HALEY, Judge.

Stacey Lynn Wright ("Wright"), who was arrested on a warrant before her indictment in the Fairfax County Circuit Court, maintains that the circuit court erred in refusing to dismiss a direct indictment that violated the terms of Code § 19.2–218. The record shows that the Commonwealth failed to articulate any cause for moving for a *nolle prosequi* of the same charge in an earlier proceeding in the general district court. We hold that Code § 19.2–265.3 requires the Commonwealth to provide a reason for seeking a *nolle prosequi* before such motion may be granted. We further hold that because

Wright was arrested on a warrant, and that warrant was dismissed by the issuance of an improper *nolle prosequi* order, her later indictment for the same offense in the circuit court unlawfully violated her statutory right to a preliminary hearing pursuant to Code § 19.2–218. Because Wright made a timely objection to this violation of her right to a preliminary hearing, we reverse Wright's conviction and dismiss the indictment without prejudice.

## FACTS

In conjunction with an arrest for driving while intoxicated on November 19, 2005, Wright was also charged with felony assault upon Virginia State Trooper B.C. Patton. Also present at the scene was State Trooper J.H. Wolford.

The Fairfax County General District Court scheduled a preliminary hearing on the felony charge for January 23, 2006. On that day, the parties agreed to continue the case until February 15, 2006. On February 15, 2006, Troopers Patton and Wolford were both present in the Fairfax County General District Court and apparently ready to testify about the events of November 19, 2005.

However, the Commonwealth moved instead to *nolle prosequi* the felony assault charge against Wright. No reason was apparently given by the Commonwealth for the requested *nolle prosequi.* Wright's counsel objected to the motion, arguing that the Commonwealth had not shown good cause for the *nolle prosequi.*

[T]his young lady was charged on a warrant. She was arrested on a warrant. She has a statutory right to [a] preliminary hearing.

It now appears to be counsel's practice, and it has happened in other matters as well, to nol pros cases at the preliminary hearing and then to direct indict ... systematically ... depriving folks of their right to a preliminary hearing.

When asked by the judge if he had anything to say in response to defense counsel's claim, counsel for the Common-

wealth responded, "No, sir." The judge then granted the motion to *nolle prosequi*, stating only that any "fight" regarding the defendant's rights was "for another court on another day."

The Commonwealth later secured direct indictments in the circuit court for two counts of felony assaulting a police officer, one involving Trooper Patton and one involving Trooper Wolford with offense dates of November 19, 2005. Wright filed a motion in the circuit court to dismiss the indictment concerning Trooper Patton or, in the alternative, to remand to the general district court for a preliminary hearing. At the hearing on Wright's motion to dismiss, the Commonwealth was represented by a different Assistant Commonwealth's Attorney. Also at the hearing, defense counsel successfully introduced into evidence a transcript of the proceedings in the general district court. He also made a proffer describing those proceedings. Defense counsel told the trial court: "So the Commonwealth never made an attempt to show good cause knowing that the general district court was going to grant their motion because it was made." Wright argued to the circuit court that the Commonwealth's manipulation of the proceedings to deny her right to a preliminary hearing was not good cause for a *nolle prosequi*. The judge asked the Assistant Commonwealth's Attorney whether she had any response to the proffer of defense counsel. She mentioned that she had only a single disagreement with his description of the proceedings:

> I certainly faxed [defense counsel] the Commonwealth's intention, via letter, to straight indict his client prior to the grand jury to give him notice, and that would be one of the only corrections I have. Other than that, with respect to the statement of facts, I can't speak to the [name of an otherwise unrelated case also involving a disputed *nolle prosequi*] matter, but with respect to the statement of facts on the Wright matter, he's almost exactly on point.

The circuit court denied Wright's motion, adopting the view that the circuit court had no authority to dismiss the indict-

ments based on the alleged error of a general district court judge. The judge stated:

I think [defense counsel] raises some interesting issues of the tactics of the Commonwealth Attorney, but I don't think that I am the source of correction if in fact those are the tactics. I think to do so would be to go behind the nol pros ruling. That's where the issue is fairly joined, where the Commonwealth moves to nol pros and they're there at the preliminary hearing and the judge has the opportunity to hear whether there was good cause.

Now [defense counsel] says well, there was absolutely no evidence of that, but nonetheless, there's not a procedure for me to review the record and decide whether the General District Court Judge or the Juvenile and Domestic Relation District Judge was correct.

And to grant this motion I would have to decide that those nol proses were improperly granted, and for all those reasons, I'm going to deny the motion to dismiss and/or remand for preliminary hearing.

At a bench trial on August 29, 2006, Wright was found guilty of the assault against Trooper Patton and not guilty of the assault against Trooper Wolford. This appeal followed.

## ANALYSIS

### (1)

"Nolle prosequi shall be entered only in the discretion of the court, upon motion of the Commonwealth with good cause therefor shown." Code § 19.2–265.3. An order of *nolle prosequi* discharges the accused from liability on the charges for which the *nolle prosequi* is entered. *Miller v. Commonwealth,* 217 Va. 929, 933, 234 S.E.2d 269, 272 (1977). If a *nolle prosequi* is entered before jeopardy attaches, it will not generally bar future prosecution for the same offense. *Cantrell v. Commonwealth,* 7 Va.App. 269, 281, 373 S.E.2d 328, 333 (1988). At common law, the decision to *nolle prosequi* rested solely with the prosecutor. *In re Richards,* 213 F.3d 773, 782 (3d Cir.2000); *Confiscation Cases,* 74 U.S. (7 Wall.) 454, 457,

19 L.Ed. 196 (1868). However, the Virginia legislature and the legislatures of several other jurisdictions have placed statutory limits on the prosecutor's discretion. In Virginia, the statutory limit on that discretion is the good cause provision of Code § 19.2–265.3. "Pursuant to the plain language of Code § 19.2–265.3, the Commonwealth is not entitled to a nolle prosequi unless it demonstrates the requisite good cause." *Roe v. Commonwealth,* 271 Va. 453, 458, 628 S.E.2d 526, 529 (2006).

■ We have written that a *nolle prosequi* " 'lays to rest that indictment and the underlying warrant, as though they never existed.' " *Burfoot v. Commonwealth,* 23 Va.App. 38, 44, 473 S.E.2d 724, 727 (1996) (quoting *Arnold v. Commonwealth,* 18 Va.App. 218, 222, 443 S.E.2d 183, 185 (1994)). However, when a criminal defendant has argued that the trial court erred in failing to dismiss a new charge because there was no good cause for the *nolle prosequi* of the same offense in an earlier proceeding, Virginia appellate courts have considered and decided whether there was a proper reason for the *nolle prosequi* in the earlier proceeding, provided the defendant objected to the *nolle prosequi* in the earlier proceeding and moved to dismiss the indictment in the trial court after the Commonwealth secured a new indictment alleging the same offense. *See Harris v. Commonwealth,* 258 Va. 576, 583, 520 S.E.2d 825, 829 (1999); *Arnold,* 18 Va.App. at 222, 443 S.E.2d at 185–86; *Battle v. Commonwealth,* 12 Va.App. 624, 630, 406 S.E.2d 195, 198–99 (1991); *Cantrell,* 7 Va.App. at 280, 373 S.E.2d at 333. In reviewing the granting of a motion for *nolle prosequi,* an appellate court does not substitute its judgment for that of the trial court; we consider only whether the record fairly supports the trial court's action. *Harris,* 258 Va. at 583, 520 S.E.2d at 829. "However, deferential review does not mean no review at all." *Money Store, Inc. v. Harriscorp Finance, Inc.,* 885 F.2d 369, 372(7th Cir.1989).

In *Harris,* our Supreme Court upheld a lower court's granting of a *nolle prosequi* when the Commonwealth was not ready to go forward with the prosecution due to the lack of

certain documentary evidence, in part due to a lack of foresight and preparation and in part due to "factors beyond the Commonwealth's direct ability to control." *Harris*, 258 Va. at 584 n. 5, 520 S.E.2d at 830 n. 5. In *Arnold*, we upheld the granting of a *nolle prosequi* because the prosecutor had difficulty securing the attendance of important witnesses. *Arnold*, 18 Va.App. at 222, 443 S.E.2d at 186. In *Cantrell*, we upheld the granting of a *nolle prosequi* due to technical difficulties in the indictment.

> The trial court's decision to grant the *nolle prosequi* motion was out of concern for the possible "taint" on the indictment. The trial court did not want to "sit here for three or four days ... trying the case that might be reversed for this particular reason...." We do not address, nor do we decide, whether any alleged defect in the original indictment was waived. The trial judge's decision to grant the *nolle prosequi* was for good cause shown and within his discretion. Had the trial court not granted the motion, undoubtedly we would be faced today with the issue whether the "tainted" indictment requires dismissal.

*Cantrell*, 7 Va.App. at 280, 373 S.E.2d at 333.

▮▮▮▮ *Battle* is the only decision of this Court reversing a trial court's decision to grant the Commonwealth's motion to *nolle prosequi*. In *Battle*, the defendant was on trial for simple possession of cocaine, grand larceny and possessing a firearm together with cocaine. At trial, the defendant's attorney successfully objected to the admission into evidence of a notebook because the Commonwealth had not informed the defendant about the notebook before trial as required by the discovery order. *Battle*, 12 Va.App. at 628, 406 S.E.2d at 197.

> The Commonwealth's attorney retorted: "I will tell you quite frankly, the Commonwealth is thinking about nolprossing the case and bringing up a Motion for Distribution." The trial judge then told Battle's counsel that Battle had the choice of withdrawing his objection to the notebook's introduction in evidence or suffering the nolle pros with the risk of the Commonwealth later bringing more

severe charges. The Commonwealth's attorney then stated: "We will continue it and just do simple possession, [or] nolpross it, [and] return the larger charge." When Battle refused to forego the ruling barring the notebook, the trial judge over Battle's objection granted the motion to nolle pros the charges.

*Id.* The Commonwealth obtained new indictments, including one count of possessing cocaine with the intent to distribute. *Id.* We reversed the defendant's conviction, holding that the trial court erred in denying the defendant's motion to dismiss the new indictments because there was no good cause for the *nolle prosequi* in the earlier proceeding and because the prosecutor's actions constituted prosecutorial vindictiveness. *Id.* at 631, 406 S.E.2d at 198. "A defendant's refusal to withdraw an objection to the admissibility of excluded evidence does not constitute good cause.... Nolle prosequi is no remedy for the Commonwealth's failure to properly prepare its case or to timely respond to discovery." *Id.* at 631 n. 2, 406 S.E.2d at 198 n. 2.

This case presents a question that was not raised in any of our prior *nolle prosequi* decisions. In each of the cases we have described, the Commonwealth's attorney articulated a reason for moving for a *nolle prosequi*. *Harris, Arnold,* and *Cantrell* decided, given our deferential standard of review, that the reasons offered by the Commonwealth's attorneys in those cases each constituted good cause for a *nolle prosequi*. *Harris,* 258 Va. at 584, 520 S.E.2d at 829–30; *Arnold,* 18 Va.App. at 222, 443 S.E.2d at 186; *Cantrell,* 7 Va.App. at 280, 373 S.E.2d at 333. In *Battle,* we decided that the reason offered by the Commonwealth's attorney was not good cause as a matter of law. *Battle,* 12 Va.App. at 631 n. 2, 406 S.E.2d at 198 n. 2. In this case, the Assistant Commonwealth's Attorney offered no reason at all for his decision to seek a *nolle prosequi*.

The Commonwealth's brief suggests that the Assistant Commonwealth's Attorney may have offered a reason for the *nolle prosequi* before the court reporter began keeping a record of the proceedings. We reject this suggestion because

it is clear from the transcript that the Commonwealth expressly refused to supply a reason for its motion when the judge asked it if it had any response to defense counsel's objection. Our duty is to base our decision on the facts in the record, not on speculation and conjecture. The Commonwealth had the opportunity to offer reasons for the motion to *nolle prosequi* at two separate hearings in two different courts. Transcripts of both of these hearings are in the record before us, and neither of them reflects any effort by the Commonwealth to provide any reason for the Commonwealth's motion for *nolle prosequi*. With the exception of her disagreement with defense counsel's statement that the Commonwealth had not given him notice of the new indictments, the attorney representing the Commonwealth in circuit court endorsed defense counsel's proffer of the facts during the hearing on the motion to dismiss the indictment. Her words were "with respect to the statement of facts on the Wright matter, he's almost exactly on point." Part of defense counsel's proffer to the circuit court was that the Commonwealth offered no reason for the *nolle prosequi* motion in the general district court.

■ To decide the question before us requires interpretation of "good cause" as the phrase is used in Code § 19.2–265.3. "Every part of the statute is presumed to have some effect and no part will be treated as meaningless unless absolutely necessary." *Sims Wholesale Co. v. Brown–Forman Corp.*, 251 Va. 398, 405, 468 S.E.2d 905, 909 (1996). The statute authorizes a *nolle prosequi* "only in the discretion of the court, upon motion of the Commonwealth with good cause therefor shown." Code § 19.2–265.3. We believe that deciding that the Commonwealth does not need to provide a reason for the motion would treat as meaningless the words "only" and "with good cause shown." If the legislature intended that a court could order a *nolle prosequi* under the circumstances of this case, it would have completed the statute with the words "upon motion of the Commonwealth."

Moreover, the intention and effect of statutes of this kind are to take away from the prosecutor the unlimited common

law discretion to *nolle prosequi* at will. *See State v. Mucci*, 150 Ohio App.3d 493, 782 N.E.2d 133, 139 (2002). "The express language of [Code § 19.2–265.3] commits a finding of good cause to the discretion of the trial court." *Harris*, 258 Va. at 583, 520 S.E.2d at 829. We cannot see how the general district court judge in this case could independently exercise this discretion because the Commonwealth did not offer a reason for the motion for him to evaluate. Without a reason on which to base its decision, the court had no meaningful basis for deciding whether the reason for the motion is the kind of permissible reason approved by the decisions in *Harris*, *Arnold*, and *Cantrell* or whether there is no proper reason, as in *Battle*. Holding that the Commonwealth need not provide a reason would also be inconsistent with our Supreme Court's prior definition of good cause: "legally sufficient ground or reason." *Bidwell v. McSorley*, 194 Va. 135, 140, 72 S.E.2d 245, 249 (1952) (quoting *Black's Law Dictionary* (3d edition)). The statute provides that *nolle prosequi* is only granted on the motion of the Commonwealth. It has long been the general rule that the proponent of a motion has the burden of justifying the motion to the court. *Crabtree v. State*, 339 P.2d 1066, 1068 (Okl.Crim.App.1958). And it is difficult to understand how silence can ever meet such a burden over the objection of the opposing party. We, therefore, hold that there was no good cause for the Commonwealth's motion to *nolle prosequi* in the general district court.

(2)

Having found that the Commonwealth did not establish good cause for the *nolle prosequi* in the general district court, we now address the implications of this holding on the validity of Wright's conviction in the circuit court.

The following analysis should not be understood as addressing whether the circuit court erred in a review of the exercise of the discretion of the general district court. The undisputed facts are that the general district court had no basis upon which to exercise discretion, that is, a reason offered by the Commonwealth in support of its motion to *nolle prosequi*. In

short, a court cannot determine that a reason constitutes good cause, or not, if no reason is proffered. Accordingly, the following analysis is concerned with the action of the circuit court once the fact (no good cause shown) was established before it that the general district court could not have exercised any discretion.

First, we address the view that the circuit court was without the authority to consider the reasons for the general district court's ruling on the Commonwealth's motion to *nolle prosequi*. Responding to Wright's pretrial motion to dismiss the indictment because of the erroneous *nolle prosequi* ruling, the Commonwealth relied on *Armel v. Commonwealth*, 28 Va.App. 407, 505 S.E.2d 378 (1998). The brief in opposition particularly emphasizes the following language from *Armel:* "The nolle prosequi of the original arrest warrants in the general district court 'terminated the ... charges, ... as if they had never existed.'" *Id.* at 410, 505 S.E.2d at 379 (quoting *Watkins v. Commonwealth*, 27 Va.App. 473, 475, 499 S.E.2d 589, 590 (1998)). At the hearing on Wright's motion to dismiss, the Commonwealth argued that *Armel* stood for the proposition that the circuit court was without authority to dismiss an indictment because of the unlawful grant of a *nolle prosequi* by the general district court. The trial judge agreed with this argument. We do not. Both the decisional and statutory law governing *nolle prosequi* orders and preliminary hearings persuade us that the trial judge erred.

First, the *nolle prosequi* cases discussed above qualify the extent to which a *nolle prosequi* "terminates the charges ... as if they had never existed." Our Supreme Court, in *Harris*, expressly defined a standard of review for appellate courts ruling on a criminal defendant's claim that the *nolle prosequi* of the same offense in an earlier proceeding was not based on good cause as defined in Code § 19.2–265.3.

We review the granting of a motion for *nolle prosequi* under well-settled principles of law. Code § 19.2–265.3 provides that "nolle prosequi shall be entered only in the discretion of the court, upon motion of the Commonwealth with good

cause therefor shown." The express language of the statute commits a finding of good cause to the discretion of the trial court. "In reviewing an exercise of discretion, we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action." *Beck v. Commonwealth*, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997). Accordingly, the granting of a motion for *nolle prosequi* will only be overturned if there is clear evidence that the decision to grant the motion was not judicially sound.

*Harris*, 258 Va. at 583, 520 S.E.2d at 829.

During oral argument, the Commonwealth further contended that [the defendant] is barred from collaterally challenging the granting of the motion for *nolle prosequi*, asserting that his remedy was to have challenged the trial court's action on direct appeal. We disagree.... [The defendant's] right of appeal accrued only when he was convicted under the second indictment. The issues before us arise from his assertion of his speedy trial rights, *including the claim that the original indictment was improperly terminated during that prosecution.*

*Id.* at 583 n. 4, 520 S.E.2d at 829 n. 4 (emphasis added). If no court could consider the reasons for another court's prior order to *nolle prosequi* the same charge in an earlier proceeding, our Supreme Court would never have set forth a standard for the appellate review of *nolle prosequi* orders. Moreover, the Supreme Court's rejection of the Commonwealth's argument that a criminal defendant is barred from collaterally attacking the *nolle prosequi* of the same offense in an earlier proceeding is also inconsistent with the unqualified assertion that the *nolle prosequi* invariably, " 'lays to rest that indictment and the underlying warrant, as though they never existed.' " *Burfoot*, 23 Va.App. at 44, 473 S.E.2d at 727 (quoting *Arnold*, 18 Va.App. at 222, 443 S.E.2d at 185). We, therefore, hold that the foregoing language is qualified by the need, pursuant to *Harris*, for a narrow and deferential inquiry into whether good cause existed for the *nolle prosequi* of the same offense in an earlier proceeding when the defendant

alleges that the *nolle prosequi* of the same offense in the earlier proceeding was without good cause. We now turn to the related question of whether Wright's indictment in the circuit court mooted the error of the general district court judge in granting the Commonwealth's original motion to *nolle prosequi* the earlier charge without good cause. One argument is that both a grand jury indictment and a preliminary hearing act as screening procedures. Their purpose is to establish probable cause before an accused may be tried in a court of record for a felony. *See Webb v. Commonwealth,* 204 Va. 24, 31, 129 S.E.2d 22, 28 (1963). Therefore, continues the argument, the indictment in the circuit court gave back to Wright exactly what she was unlawfully denied by the general district court, i.e. a probable cause determination before her trial. Therefore any error was harmless.

We reject this argument because it is inconsistent with the plain language of Code § 19.2–218. It is also inconsistent with our precedents interpreting the statutory right to a preliminary hearing.

No person who is arrested on a charge of felony shall be denied a preliminary hearing upon the question of whether there is reasonable ground to believe that he committed the offense and no *indictment shall be returned in a court of record against any such person prior to such hearing unless such hearing is waived in writing by the accused.*

Code § 19.2–218 (emphasis added). The legislature is presumed to know the law when enacting legislation. *See Charles v. Commonwealth,* 270 Va. 14, 19, 613 S.E.2d 432, 434 (2005). We must therefore presume that the legislature knew that both a preliminary hearing and a grand jury indictment operate as screening procedures for probable cause determination when the legislature enacted Code § 19.2–218. Nevertheless, the legislature decreed that "no indictment shall be returned in a court of record against any such person prior to such hearing . . . ." By the plain language of the statute, the validity of any indictment against a person who has been arrested prior to the indictment depends on the occurrence of a preliminary hearing or a valid waiver. To decide that a

subsequent indictment cures any violation of Code § 19.2–218 would be to ignore the command of the legislature.

Our prior cases discussing the statutory right to a preliminary hearing are in accord with this conclusion. In 1950, our Supreme Court decided *Benson v. Commonwealth,* 190 Va. 744, 58 S.E.2d 312 (1950). The defendant in *Benson* was arrested on a felony warrant and insisted that the police court (forerunner of the general district court) conduct a preliminary hearing before witnesses were allowed to testify before the grand jury. *Id.* at 749–50, 58 S.E.2d at 314. Instead of holding a preliminary hearing, the Commonwealth dismissed the warrant. *Id.* Our Supreme Court held that a defendant arrested on warrant, "had no right, either statutory or constitutional, to be afforded a preliminary hearing prior to the finding of the indictment or to his trial thereon." *Id.* at 750, 58 S.E.2d at 314.

The legislature acted to alter the Supreme Court's holding of *Benson.*

It may reasonably be assumed from the language in § 19.1–163.1 [now § 19.2–218] that it was enacted to change the effect of our holding in the *Benson* case by granting an accused the right to a preliminary hearing when he has been arrested on a warrant charging a felony before an indictment may be returned by a grand jury.

*Webb,* 204 Va. at 31, 129 S.E.2d at 27. In *Webb,* the Supreme Court ruled that the statutory right to a preliminary hearing applied only to persons arrested before indictment.

But under the procedure followed in the present case the statute has no application. It applies to a person who has been arrested on a felony charge prior to an indictment by a grand jury. Here the defendant had not been arrested or charged with any offense prior to the return of the indictment.

*Id.* at 31, 129 S.E.2d at 27–28. It is true that the *Webb* Court stated, "this court has consistently held that a preliminary examination of one accused of committing a felony is not necessary where an indictment has been found against him by

a grand jury." *Id.* at 30–31, 129 S.E.2d at 27. However, the only authorities cited for this proposition are *Benson* and *Jones v. Commonwealth,* 86 Va. 661, 10 S.E. 1005 (1890). The Supreme Court decided both of those cases *before* the legislature created a statutory right to a preliminary hearing in 1960.

It was the fact that the defendant had not been arrested, not the theory that an indictment cures any prior errors in the prosecution, that persuaded our Supreme Court to affirm the defendant's conviction both in *Webb* and in *Land v. Commonwealth,* 211 Va. 223, 224–25, 176 S.E.2d 586, 587–88 (1970).

> [The defendant] takes the position that when he was taken to police headquarters for questioning he was arrested and thus brought within the provisions of § 19.1–163.1 [now § 19.2–218]. We do not agree.
>
> The record shows that [the defendant] twice went voluntarily to the police station, as indeed he admitted, and that each time he freely departed at the conclusion of the interview. He was not arrested until several weeks later, after the grand jury had indicted him. Hence [the defendant] was not entitled to a preliminary hearing and the trial court properly overruled his motion to quash the indictments.

*Id.* at 225, 176 S.E.2d at 588. It is difficult to see why the Supreme Court would trouble itself to explain that the defendant went to the police station voluntarily and therefore had no statutory right to a preliminary hearing if the fact of his subsequent indictment meant that no violations of defendant's statutory right to a preliminary hearing that might have occurred before he was indicted could possibly affect the validity of his conviction. If valid, the principle that an indictment "cures" any prior irregularities would have been a more narrow rationale for affirming the trial court's decision. The clear implication is that the Supreme Court would have reversed the defendant's conviction if the defendant had been arrested before the indictment and been unlawfully denied his statutory right to a preliminary hearing.

The same implication is present in the reasoning of *Moore v. Commonwealth,* 218 Va. 388, 237 S.E.2d 187 (1977).

In *Moore*, defendant was arrested before being indicted and the general district court found no probable cause after a full presentation of the evidence at a preliminary hearing. *Id.* at 389, 237 S.E.2d at 189. The Commonwealth obtained indictments for the same offenses in the circuit court, and the defendant was convicted at trial. *Id.* at 390, 237 S.E.2d at 189. The defendant appealed, arguing that, having been arrested on a warrant, she could not be indicted on the same charges after they had been dismissed after the presentation of evidence at her preliminary hearing. *Id.* at 393, 237 S.E.2d at 191. The defendant relied on the language from Webb, stating that the legislature changed the holding in *Benson*, "by granting an accused the right to a preliminary hearing when he has been arrested on a warrant charging a felony before an indictment may be returned by a grand jury." *Webb*, 204 Va. at 31, 129 S.E.2d at 27. Our Supreme Court affirmed the defendant's conviction, noting that:

> The defendant dwells on the foregoing statement and argues it establishes that the only route to an indictment after arrest is through a preliminary hearing. In *Webb*, we were addressing a *Benson*-type situation in which the Commonwealth's Attorney bypassed a preliminary hearing and went directly to the grand jury when the defendant already had been arrested. The case at bar is quite different. *Here, defendant has been afforded a preliminary hearing; there has been no evasion of the probable cause determination.* And, there is nothing in *Webb*, or the statute, as we have said, which affords any additional guarantee to an accused under arrest except that he shall be entitled to a preliminary hearing "prior" to the bringing of an indictment against him on the same charge.

*Moore*, 218 Va. at 395, 237 S.E.2d at 193 (emphasis added). Again, the clear implication is that, if the defendant in *Moore* had not been afforded a preliminary hearing, her conviction would have been reversed. There would have been no reason to include the above quoted language in the *Moore* decision if the case was susceptible of resolution on the narrower ground that the defendant's later indictment "cured" any prior claims

she may have had regarding her statutory right to a preliminary hearing. "An appellate court decides cases on the 'best and narrowest grounds available.'" *Luginbyhl v. Commonwealth*, 48 Va.App. 58, 64, 628 S.E.2d 74, 77 (2006) (en banc) (quoting *Air Courier Conference v. Am. Postal Workers Union*, 498 U.S. 517, 531, 111 S.Ct. 913, 921–22, 112 L.Ed.2d 1125 (1991) (Stevens, J. concurring)). Because we are obliged to assume that our Supreme Court followed this principle in deciding *Webb*, *Land*, and *Moore*, we must reject the argument that the indictment in the circuit court "cured" the violation of Wright's statutory right to a preliminary hearing.

We further hold that the violation of Wright's right to a preliminary hearing was not harmless error. It is true that the statutory right to a preliminary hearing is procedural rather than jurisdictional. *Snyder v. Commonwealth*, 202 Va. 1009, 1014, 121 S.E.2d 452, 456 (1961). This means that an objection to the denial of a defendant's right to a preliminary hearing must be made before trial or it will not be considered on appeal as a reason for reversing the defendant's conviction. *Id.* In *Snyder*, our Supreme Court affirmed the defendant's conviction, noting:

The defendant raised no objection to the lack of, or the irregularity in, the preliminary hearing, before his trial on the indictment. In fact, the first mention of this point appears in a petition filed by the defendant, in the trial court, on June 21, 1960, forty-seven days after the entry of the final order.

*Id.* at 1013, 121 S.E.2d at 455. In *Triplett v. Commonwealth*, 212 Va. 649, 186 S.E.2d 16 (1972), our Supreme Court stated:

It is true that the requirement for a preliminary hearing under Code § 19.1–163.1 [now § 19.2–218] is not jurisdictional and constitutionally imposed but is only statutory and procedural. *Webb v. Commonwealth*, 204 Va. 24, 129 S.E.2d 22 (1963). Likewise, the requirement for indictment is not jurisdictional and constitutionally imposed but is only statutory and procedural. *Henson v. Commonwealth*, 208 Va.

120, 155 S.E.2d 346 (1967); *Forester v. Commonwealth,* 210 Va. 764, 173 S.E.2d 851 (1970).

But where, as here, the defendant insists upon his statutory rights to a preliminary hearing and indictment, we hold the failure of the trial court to adhere to those procedural requirements is reversible error.

*Id.* at 650–51, 186 S.E.2d at 17. We understand the term "reversible error" to have the opposite meaning of the term "harmless error." Wright preserved her objection to the unlawful denial of her statutory right to a preliminary hearing in a timely manner by raising the matter in a pretrial motion. The circuit court's ruling on Wright's motion to dismiss the indictment was, therefore, not harmless error.

▮▮▮▮▮ Of the *nolle prosequi* cases discussed in part (1) of this opinion, all of them reviewed the reasons for *nolle prosequi* orders of the same offense in an earlier circuit court proceeding. *Harris,* 258 Va. at 579, 520 S.E.2d at 826–27; *Arnold,* 18 Va.App. at 220, 443 S.E.2d at 184–85; *Battle,* 12 Va.App. at 627–28, 406 S.E.2d at 196–97; *Cantrell,* 7 Va.App. at 277, 373 S.E.2d at 331. We now consider whether the unlawful *nolle prosequi* order in this case has the same legal effect on the validity of the later indictment suggested by these cases even though the *nolle prosequi* order of which Wright complains was issued by a general district court. We hold that it does. Code § 19.2–265.3 commits the *nolle prosequi* decision "to the discretion of the court." If the legislature believed the type of court to be relevant to the intended scope of the statute's application, the legislature could have written "court of record" instead. This language would have restricted the application of the "good cause" provision of Code § 19.2–265.3 to circuit court *nolle prosequi* orders. This language would compel us to affirm Wright's conviction. But the statute, as written, does not contain this language. "In construing a statute, we must apply its plain meaning, and 'we are not free to add [to] language, nor to ignore language, contained in statutes.'" *BBF, Inc. v. Alstom Power, Inc.,* 274 Va. 326, 331, 645 S.E.2d 467, 469 (2007) (quoting *SIGNAL*

*Corp. v. Keane Federal Sys., Inc.*, 265 Va. 38, 46, 574 S.E.2d 253, 257 (2003)).

Moreover, Code § 19.2–265.3 is located in Chapter 15 ("trial and its incidents") of Title 19.2 of the Code of Virginia ("Criminal Procedure"). Other sections of Title 19.2, Chapter 15 refer to a specific court where the legislature specifically intends the section to apply only to a specific court. *See* Code § 19.2–241 ("The judge of each circuit court shall fix a day...."); § 19.2–243 ("Where a general district court has found that there is probable cause...."); § 19.2–251 ("A circuit court may, on motion of the accused or the Commonwealth, for good cause, order the venue for the trial of a criminal case...."); § 19.2–258.1 ("For any traffic infraction cases tried in a district court...."); § 19.2–265.4 ("In any criminal prosecution for a felony in a circuit court or for a misdemeanor brought on direct indictment...."). We believe the presence of this specific language in these sections of Title 19.2, Chapter 15 further supports our belief that the legislature intended that Code § 19.2–265.3 apply to district courts as well as circuit courts.

We do not believe our holding should be any cause for alarm that circuit courts will soon be forced to routinely review district court continuance rulings and other discretionary functions of the district courts. Our decision rests on our interpretation of Code §§ 19.2–218 and 19.2–265.3. The first of these statutes conditions the validity of an indictment against a person who has been arrested prior to indictment on the occurrence of a preliminary hearing or a valid waiver. The second statute demands that the Commonwealth show good cause before a court may order a *nolle prosequi*. Read together, these statutes require that a person first arrested on a felony may not later be indicted for the same offense unless the person receives a preliminary hearing or makes a valid waiver of their right to a preliminary hearing or the district court judge enters an order of *nolle prosequi* upon a showing of good cause by the Commonwealth.

## CONCLUSION

The circuit court committed reversible error when it overruled Wright's timely objection that the unlawful *nolle prosequi* of the same offense in an earlier district court proceeding deprived her of her statutory right to a preliminary hearing pursuant to Code § 19.2–218. Wright's conviction is reversed and the indictment is dismissed without prejudice. *See Battle,* 12 Va.App. at 631–32, 406 S.E.2d at 199. This case is remanded for further proceedings consistent with this opinion.

*Reversed, dismissed without prejudice, and remanded.*