# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Van Luu

April 14, 2009

Case No. FE 2008-2058

BY JUDGE RANDY I. BELLOWS

On March 17, 2009, the parties appeared before the Court for a status hearing. After the Court denied the Commonwealth's motion to reconsider the calendar control judge's denial of a continuance on March 16, 2009, the Commonwealth moved to *nolle prosequi* this case. The Defendant, Van Luu, objected and moved the Court to dismiss the case. The Court took the matter under advisement and ordered the filing of briefs. Having reviewed the parties' briefs, the Court grants the Commonwealth's motion to *nolle prosequi* this case.

*Background*

On January 26, 2009, the Defendant was indicted for the felony of aggravated maiming. The case was set for a jury trial on February 10, 2009, and the Defendant was released. On February 9, 2009, the Defendant's initial counsel withdrew from the case, and substitute counsel appeared. The calendar control judge granted a continuance of the trial to March 17, 2009.

On March 16, 2009, the parties again appeared before calendar control, so that the Commonwealth could seek a continuance. The Commonwealth informed the calendar control judge that a doctor required for testimony regarding the severity of the victim's injuries was unavailable for trial on March 17, 2009. It appears from the parties' briefs that the Commonwealth failed to subpoena the doctor. According to the Commonwealth, it failed to issue the subpoena because it:

> obtained the contact information of a necessary witness less than one week prior to trial. The Commonwealth further stated that she could not have issued an enforceable subpoena because it would not have provided sufficient notice to the witness and could not have obtained necessary medical records via subpoena duces tecum in the week prior to trial.

(Br. Supp. Commonwealth's Mot. Nolle Prosequi 1-2.) The Defendant, however, notes in his brief, that the Commonwealth knew that it needed this witness prior to the Defendant's indictment. The calendar control judge denied the request for a continuance. (Br. Opp. Commonwealth's Mot. Nolle Prosequi & Supp. Accused's Mot. Dismiss 1-2.)

On March 17, 2009, the Commonwealth moved the Court to reconsider the calendar control judge's denial of its request for a continuance. When the Court denied this motion, the Commonwealth moved to *nolle prosequi* the case. The Defendant objected to this motion and moved to dismiss the case. The Court took the motions under advisement.

*Parties' Positions*

A. *The Defendant*

Virginia Code § 19.2-265.3 provides that a *"[n]olle prosequi* shall be entered only in the discretion of the court, upon motion of the Commonwealth with good cause therefore shown." Va. Code Ann. § 19.2-265.3 (2008). The Defendant argues that, in this case, the Commonwealth has not provided a good cause basis for its motion for *nolle prosequi*, but rather has only explained to the Court that it did not adequately prepare for trial.

The Defendant notes that, in *Battle v. Commonwealth*, the Virginia Court of Appeals held that *"Nolle prosequi* is no remedy for the Commonwealth's failure to properly prepare its case or to timely respond to discovery." 12 Va. App. 624, 631, n. 2, 406 S.E.2d 195 (1991). The

Defendant argues that the holding in *Battle* applies to this case because the Commonwealth does not assert that circumstances outside of its control led to its failure to subpoena the witness. Rather, the Commonwealth simply focused on obtaining other witnesses, rather than on the doctor who treated the victim.

The Defendant does acknowledge that the Virginia Supreme Court, in *Harris v. Commonwealth*, found that good cause for a *nolle prosequi* was present where the Commonwealth was only *partially* at fault in not being prepared for trial. 258 Va. 576, 584, 520 S.E.2d 825 (1999). However, the defendant argues that *Harris* is not applicable because the Commonwealth is *entirely* at fault here and no extenuating circumstances exist that would "excuse the Commonwealth's lack of preparation." (Br. Opp. Commonwealth's Mot. Nolle Prosequi 3.) Further, argues the Defendant, granting the *nolle prosequi* would, in substance, give the Commonwealth the very continuance that was denied in calendar control.

Finally, the Defendant notes that *Wright v. Commonwealth*, 52 Va. App. 690, 667 S.E.2d 787 (2008), the most recent appellate decision to address the standard governing the granting of *nolle prosequi*s, is not applicable to this case.

## B. *The Commonwealth*

The Commonwealth begins by noting that this case is distinguishable from the facts in *Wright*, where the Commonwealth offered no justification for their motion for a *nolle prosequi*. *See id.* at 697. Instead, in this case, the Commonwealth seeks to *nolle prosequi* the case because it did not discover information regarding a witness until it was too late to subpoena that witness's attendance at trial or obtain documents from the witness through a subpoena *duces tecum*. Further, the Commonwealth argues that this case is distinguishable from *Battle*, where the Commonwealth failed to produce discovery to the Defendant timely and acted in bad faith in seeking the *nolle prosequi*. 12 Va. App. at 627-28. In this case, the Commonwealth produced its discovery in a timely fashion and began scheduling a date to appear at calendar control with the Defendant as soon as it knew it would be unable to produce the treating physician.

The essence of the Commonwealth's argument is that this case is analogous to *Harris v. Commonwealth*, 258 Va. 576, 520 S.E.2d 825 (1999). In *Harris*, the Court granted the Commonwealth's motion to *nolle prosequi*, where the Commonwealth failed to obtain documents necessary to its case due to its own lack of diligence. *Id.* at 579. In its argument, the Commonwealth places particular emphasis on the fact that, in *Harris*, the

Supreme Court of Virginia, found that the denial of a continuance does not preclude the granting of a *nolle prosequi*, even where both motions are predicated on the same assertions. *Id.* at 583-84. Therefore, the fact that the calendar control judge, in the instant case, denied the continuance on the same basis that the Commonwealth is now seeking a *nolle prosequi*, does not require the Commonwealth to provide additional justification for its motion.

Defendant cites *Commonwealth v. Lee*, 48 Va. Cir. 400 (1999), to argue that a motion for a *nolle prosequi* cannot be used to substitute for an impermissible continuance. *Id.* at 402. However, this Court notes that, in *Lee*, the Court based its decision on the fact that Virginia case law has required strict compliance with Virginia Code § 19.2-187, which requires the Commonwealth to file a certificate of analysis at least one week prior trial in a DUI case. In *Lee*, the Commonwealth failed to comply with § 19.2-187. Because prior case law had required strict compliance with the code in that circumstance, the Court in *Lee* concluded that a *nolle prosequi* would be inappropriate. *Id.* However, in the instant case, § 19.2-187 is not implicated, therefore, *Lee* is clearly distinguishable.

The Commonwealth also argues that, in *Harris*, the Supreme Court of Virginia found it to be particularly significant that there was no issue of bad faith. It held that "[w]hile such behavior [i.e., the failure to obtain necessary documents due to a lack of preparation and foresight] is not to be encouraged, on this record it does not demonstrate bad faith on the Commonwealth's part. Nor does the decision of the Commonwealth to seek a *nolle prosequi* on the indictment rise to the level of oppressive tactics amounting to prosecutorial misconduct." *Id.* at 584. In this case, the Commonwealth candidly acknowledged that it "was not the most diligent in its gathering of witnesses in this case." (Br. Supp. Commonwealth's Mot. Nolle Prosequi 4.) However, it also states that, "once the Commonwealth learned of the witness's unavailability at trial, it contacted the defense, putting them on notice of the problems with the Commonwealth's case. On this basis, the Commonwealth argues that the facts in this case are analogous to those in *Harris*. In fact, the Commonwealth argues that the facts in this case only differ from *Harris* in that the speedy trial concerns in *Harris* are not present here. *See id.* at 579. Therefore, the Commonwealth argues that it acted "in good faith and with good cause." (Br. Supp. Commonwealth's Mot. Nolle Prosequi 4.)

*Analysis*

A. *Facts*

First, the Court must make findings as to the circumstances leading to the motion for a continuance and the motion for *nolle prosequi*. Was it due to circumstances entirely beyond the Commonwealth's control? Clearly, the answer to that question is no. Nor does the Commonwealth take such a position. To the contrary, the Commonwealth acknowledges that it was not as diligent as it should have been in obtaining its witnesses, resulting in a necessary witness being unavailable for trial. That is far from the end of the inquiry, however, because, under *Harris*, the Court must also examine the question of whether the Commonwealth acted in bad faith. *See Harris*, 258 Va. at 584. Significantly, there is nothing in the record to suggest or imply that the Commonwealth acted in bad faith or engaged in prosecutorial misconduct.

B. *Law*

As an initial matter, the Defendant is correct that *Wright v. Commonwealth* is inapplicable to this case because *Wright* does not elucidate the question of what constitutes "good cause" for a *nolle prosequi*. In *Wright*, no cause was stated by the Commonwealth in support of its motion to *nolle prosequi*, unlike in the instant case. *Wright v. Commonwealth*, 51 Va. App. 628, 631, 659 S.E.2d 583 (2008), *overruled by Wright v. Commonwealth*, 52 Va. App. 690, 667 S.E.2d 787 (2008) (*en banc*). Further, the *en banc* Court ultimately held that both the Circuit Court and the Court of Appeals lacked jurisdiction to review the General District Court's decision to grant the motion to *nolle prosequi* the case. *Wright*, 52 Va. App. at 705-06 & n. 10.

Turning now to the cases that are controlling, the Court does not agree with the Defendant that *Battle v. Commonwealth*, 12 Va. App. 624, 406 S.E.2d 195 (1991), is dispositive. In *Battle*, the trial court initially granted the defendant's motion to suppress a notebook introduced by the Commonwealth at trial because the Commonwealth had failed to produce the notebook to the defendant during discovery. *Id.* at 627-28. The Commonwealth's attorney immediately responded to this ruling by threatening to *nolle prosequi* the case and to bring more severe charges against the defendant. The trial court gave the defendant the option of withdrawing its motion to suppress or accepting the *nolle prosequi*. Ultimately, the trial court granted the *nolle prosequi*, despite the defendant's objections. *Id.* at 628.

48

The Virginia Court of Appeals, in *Battle*, held that:

A defendant's refusal to withdraw an objection to the admissibility of excluded evidence does not constitute good cause. Although the trial judge ruled that no continuance would be granted and that the notebook would not be admitted, the Commonwealth declared that it could not "go forward without the notebook." Had the Commonwealth wished to introduce the notebook, then it should have complied with the discovery in a timely manner. *Nolle prosequi* is no remedy for the Commonwealth's failure to properly prepare its case or to timely respond to discovery.

This is not an instance where the prosecution discovered additional incriminating evidence after a defendant had already been indicted. The Commonwealth obtained no new evidence after the grand jury returned the indictments that it did not already possess when it sought the indictments. Nor did the Commonwealth contend that there was a potential defect in the procedure or indictments that may result in a subsequent reversal and remand. There was no contention that a material witness failed to appear or could not be located at the time. The Commonwealth's attorney arrived at the scheduled trial prepared to go forward until he received an unfavorable evidentiary ruling. This does not constitute good cause upon which a trial court may order *nolle prosequi* on an otherwise proper charge or indictment.

12 Va. App. at 631, n. 2. The Defendant argues that this decision is analogous to the matter presently before the Court. The Defendant argues that the Commonwealth was similarly unprepared when it sought the continuance and the Court should not remedy that unpreparedness by granting a *nolle prosequi*.

However, the Defendant fails to acknowledge that the facts of *Battle* demonstrate what the Court of Appeals concluded was "a vindictive intent" on the part of the Commonwealth, circumstances not present at all in the instant case. The Court in *Battle* noted that:

This is not an instance of a mere oversight, resulting in the Commonwealth's decision to seek new indictments. The record demonstrates that the Commonwealth suggested reindictment only after Battle moved to exclude the notebook. Had the

Commonwealth come immediately before the court and moved to *nolle pros* because of an oversight, the case may have been different. Thus, the timing of the prosecutor's action in this case and the prosecutor's express statements manifest a vindictive intent.

*Id.* at 630 (citing *United States v. Goodwin*, 457 U.S. 368, 381, 102 S. Ct. 2485, 73 L. Ed. 2d 74 (1982)). The present case is clearly distinguishable from *Battle*. Here, there is no evidence of vindictive intent. There was a lack of adequate preparation but, as soon as the Commonwealth recognized that a necessary witness would be unavailable, it brought the matter before the Court.

Turning now to the Commonwealth's reliance on *Harris*, while the Court is not persuaded that *Harris* is exactly analogous to the instant case, it is far closer to the instant case than *Battle*. In *Harris*, the Commonwealth sought a continuance due to its failure to obtain documentary evidence necessary to prosecute a defendant indicted for obtaining money under false pretenses. 258 Va. at 579. Unlike in the instant case, the Commonwealth, in *Harris*, had subpoenaed the requested documents (but had failed to do so soon enough.) *Id.* at 579 & n. 1. Thus, the Commonwealth in *Harris* was in a slightly better position than the Commonwealth in the instant case because it had issued a subpoena prior to the *nolle prosequi*. But to say that the Commonwealth was in a slightly better position in *Harris* does not mean that the Commonwealth in the instant case is not entitled to the *nolle prosequi* it is seeking. The essential holding in *Harris* is that, where there is no bad faith or prosecutorial misconduct on the part of the Commonwealth, a *nolle prosequi* may be granted in the exercise of the Court's discretion, even where it is caused by a lack of adequate foresight and preparation on the part of the Commonwealth. *See id.* at 584. *See also* Judge Mark Davis' opinion, *Commonwealth v. Stewart*, 66 Va. Cir. 135, 144 (2004) (noting that *Harris*' reference to " 'bad faith' and 'oppressive tactics' . . . provide[s] the best summary of situations in which there was no good cause.")

So too, here, the conduct in question amounts to a "mere oversight" (*Battle*) or a "lack of adequate foresight and preparation" (*Harris*). It does not constitute bad faith or prosecutorial misconduct.

Therefore, the Commonwealth has sufficiently shown good cause for its motion, and the Court grants the Commonwealth's motion to *nolle prosequi* and denies the Defendant's motion to dismiss.